Smith *v.* Terry.

WILLIAM H. SMITH, administrator *de bonis non cum testa-
mento annexo* of Harriet B. Manning, deceased, NELLIE
J. SMITH, guardian *ad litem* of Bessie Belle Bateman and
Hannah L. Smith, infants, appellants,

*v.*

GEORGIANNA B. TERRY, respondent.

The following item in a will: " I give to my daughter the interest of the equal undivided one-sixth interest, part or portion of my whole estate."—*Held* to mean the one-sixth of the amount left for distribution after the payment of the debts of the testatrix and the expenses of administration.

Harriet E. Manning died October·19th, 1883.   Her will, dated April 24th, 1883, was proved December 5th, 1883.   John F. Hawkins was appointed administrator *cum testamento annexo* December 14th, 1883, and was succeeded by William H. Smith, one of appellants, May 7th, 1885. · The administrator filed a petition in the orphans court for sale of land to pay debts October

28th, 1885, and an order to sell was made June 17th, 1886. A sale under the order was made August 23d, 1886, to George L. Atkins, of one house and lot for $13,225, of which ten per cent. was paid and the balance was to be paid October 1st, 1886, but the transfer was enjoined in this cause by the chancellor.

The chancellor held that one-sixth of the estate should be set apart to Mrs. Terry, and one-sixth to Mrs. Wilson, before payment of debts—in other words, that their shares are exonerated from payment of debts.

*Messrs. Collins & Corbin,* for appellants.

I. The meaning of the will is the same as if the estate were all personalty.

In discussing the meaning of this will we are not embarrassed by the rule that personal property is to be used to pay debts and legacies in exoneration of the realty. The case is one of those technically called "a gift of the mixed residue," like that discussed in *Greville* v. *Brown, 7 H. of L. 688, 696; Brooke* v. *Brooke, L. R. (3 Ch. Div.) 630, 632; Corwine* v. *Corwine, 9 C. E. Gr. 579; Cook* v. *Lanning, 13 Stew. Eq. 369, 372; Lewis* v. *Darling, 16 How. 1; Akers* v. *Akers, 8 C. E. Gr. 26, 30; Malcolm* v. *Taylor, 2 Russ. & Myl. 416.*

II. The whole estate given by testatrix is the estate after the payment of debts. *2 Wms. on Exrs. 1472 [1369].*

III. The gift to complainant is not specific. *Howe* v. *Earl of Dartmouth, 7 Ves. 137, 147; 2 Redf. on Wills 870 note 35; Conron* v. *Conron, 7 H. L. Cas. 168, 184.*

The inclination of the court is against specific legacies. *Inness* v. *Johnson, 4 Ves. 568, 572; Norris* v. *Thomson, 1 C. E. Gr. 221; Briggs* v. *Hosford, 22 Pick. 288; Bothamley* v. *Sherson, L. R. (20 Eq.) 304, 309; Heath* v. *Perry, 3 Atk. 101, 103.*

IV. The debts are not charged on other shares in exoneration of the shares of complainant and Mrs. Wilson.

V. There is no express exoneration of the shares of complainant and Mrs. Wilson. *Reed* v. *Addington, 4 Ves. 575; Briggs* v. *Hosford, 22 Pick. 288.*

VI. Our interpretation reconciles the whole will.

When the testator first directs debts paid, the estate devised is the estate after payment of debts. *Trott* v. *Vernon, 2 Vern. 708; Harris* v. *Ingledew, 3 P. Wms. 91, 95; Clifford* v. *Lewis, 6 Madd. 33, 38.*

VII. The injunction against the sale by the orphans court to pay debts was inequitable. *Rev. 769 § 79; 2 Redf. on Wills 856; Robards* v. *Wortham, 2 Dev. Eq. 173.*

*Messrs. Hawkins & Durand,* for respondent.

I. The principal inquiry presented by the appeal in this case is, What is the proper fund for the payment of the debts and pecuniary legacies under the will of Harriet E. Manning, deceased?

The principle that, in the administration of assets, the general personal estate of a testator is the natural and primary fund for the payment of debts and legacies, and, as a general rule, must first be exhausted before the real estate can be made liable, and will not be exonerated, unless it be exempted by express words or manifest intent, is too well settled to admit of controversy.

In the case under consideration, the general rule does not apply; the case is an exception to the rule. *Elliott* v. *Carter, 9 Gratt. 541; Adams* v. *Brackett, 5 Metc. 280; Hall* v. *Hall, 1 McCord Ch. 269.*

The position taken by the complainant (respondent), and which was sustained by the court below, is that the debts and legacies are charged upon the blended realty and personalty composing the residue.

The gift of the residue reads: " I give and devise all the balance and residue of all my property, both real and personal, of whatever nature or kind soever, and wheresoever situate, to James A. Bradley, my executor hereinafter appointed, in trust for the execution of my will." *Ambrey* v. *Middleton, 2 Eq. Cas. Abr. 497; Hassel* v. *Hassel, 2 Dick. 327; Bench* v. *Biles, 4 Madd. 187; Greville* v. *Brown, 7 H. of L. 689; Mirehouse* v. *Scaife, 2 Myl. & Cr. 695; Bright* v. *Larches, 3 De G. & J.*

Smith *v.* Terry.

*148; Kidney* v. *Coussin, 1 Ves. Jr. 436; Brudenell* v. *Boughton, 2 Atk. 268; Edgell* v. *Haywood, 3 Atk. 358; Field* v. *Pecket, 29 Beav. 568; Fairer* v. *Park, L. R. (3 Ch. Div.), 309; Wheeler* v. *Howell, 3 K. & J. 198; Bellis's Trusts, L. R. (5 Ch. Div.) 504; Bray* v. *Stevens, L. R. (2 Ch. Div.) 162; Warren* v. *Davies, 2 Myl. & K, 49; Dover* v. *Gregory, 10 Sim. 393; Shellcross* v. *Finden, 3 Ves. 738; Graves* v. *Graves, 8 Sim. 43; Bridgen* v. *Landen, 3 Russ. 345; Clifford* v. *Lewis, 6 Madd. 33; Withers* v. *Kennedy, 2 Myl. & K. 607; Barthwaite* v. *Britain, 1 Keen 206; Price* v. *North, 1 Phill. 85; Cole* v. *Turner, 4 Russ. 376; Davis* v. *Gardner, 2 P. Wms. 187; Kightly* v. *Kightly, 2 Ves. 328; Ronalds* v. *Feltham, Turn. & R. 418; Alcock* v. *Sparhawk, 2 Vern. 228; Minor* v. *Wicksted, 3 Bro. C. C. 627;* see, also, notes to *Ancaster* v . *Mayer, 1 Lead. Cas. in Eq. (4th Am. ed.) 900, 901; Webb* v. *Webb, Barnard. 86; Lypet* v. *Carter, 1 Ves. Sr. 499.*

The same rule has been approved and adopted by the courts of this country. *Lewis* v. *Darling, 16 How. 1; Wright* v. *Denn, 10 Wheat. 204; Phelps* v. *Robbins, 40 Conn. 264; Hassenclever* v. *Tucker, 2 Binn. 525; Whitman* v. *Norton, 6 Binn. 295; McGlaughlin* v. *McGlaughlin, 28 Pa. St. 20; Gallagher's Appeal, 48 Pa. St. 121.*

The courts of New York have adopted the same principle in cases of this character. *Buckley* v. *Buckley, 11 Barb. 43, 76; Lupton* v. *Lupton, 2 Johns. Ch. 614; Tracy* v. *Tracy, 15 Barb. 503; Hoyt* v. *Hoyt, 85 N. Y. 142.*

Massachusetts has declared the same principle in the cases in her courts. *Hays* v. *Jackson, 6 Mass. 148; Wilcox* v. *Wilcox, 13 Allen 256.* See, also, *Adams* v. *Brackett, 5 Metc. 280; Blaney* v. *Blaney, 1 Cush. 107.*

To the same effect are the following cases: *Carter* v. *Balfour, 19 Ala. 815; Dowman* v. *Rust, 6 Rand. 587; Cornish* v. *Willson, 6 Gill 299; Kirkpatrick* v. *Rogers, 7 Ired. Eq. 44; Robbins* v. *McIver, 63 N. C. 649; Derby* v. *Derby, 4 R. I. 414, 431; Clyde* v. *Simpson, 4 Ohio St. 445, 449; Bane* v. *Beckwith, 14 Id. 505.*

The same principle has been repeatedly laid down, and is the

settled rule in the courts of our own state. *Van Winkle* v. *Van Houten,* 2 *Gr. Ch. 172;* *Paxson* v. *Potts, Id. 313;* *White* v. *Olden, 3 Gr. Ch. 343,* and *1. Hal. Ch. 629; Snyder* v. *Warbasse, 3 Stock. 463; Leigh* v. *Savidge, 2 McCart. 124.* These cases were all reviewed by Chancellor Zabriskie in the case of *Dey* v. *Dey, 4 C. E. Gr. 137. Corwine* v. *Corwine, 8 C. E. Gr. 368, 9 C. E. Gr. 579; Poulson* v. *Johnson, 2 Stew. Eq. 529, 5 Stew. Eq. 390.*

See, also, cases of *Miller* v. *Sandford, 4 Stew. Eq. 426; Adams* v. *Beideman, 6 Stew. Eq. 77; Brown* v. *Brown, 4 Stew. Eq. 422; Cook* v. *Lanning, 13 Stew. Eq. 369; Tichenor* v. *Tichenor, 14 Stew. Eq. 39; Langstroth* v. *Golding, Id. 49; Lyon* v. *Church of the Redeemer, Id. 390; American Dramatic Fund Asso.* v. *Lett, 15 Stew. Eq. 42; Schouler's Exrs. and Admrs.* § *462; 2 Perry on Trusts 570; Aldrich* v. *Cooper, 2 Lead. Cas. in Eq. (4th Am. ed.) pp. 228–353.*

In some of the cases it has been held that where the residuary devise is preceded by a devise of a part of the real estate, the rule of charging the residue with payment of the debts and legacies did not apply. This, however, is not the rule in this state. Chancellor Runyon, in *Miller* v. *Sandford, 4 Stew. Eq. 428,* said: "The fact that an interest in land was given before the gift of the residuum makes no difference."

It is established in this state that, in searching for the intention of the testator to charge legacies on the realty, the court may look at the nature, situation, and amount of the testator's property, and the persons taking it. *Snyder* v. *Warbasse, 3 Stock. 466; Leigh* v. *Savidge, 1 McCart. 124; Johnson* v. *Poulson, 5 Stew. Eq. 390.*

Mr. Hawkins, in his book on Wills, page 282, says: "A direction by a testator that his debts shall be paid, charges all his real estate therewith. But a direction by the testator that his debts shall be paid by his executors charges only the real estate, if any, devised to them." And on page 286 he says: "If the testator, after directing his debts to be paid by his executors, devises the residue of his real or personal estate, it may perhaps be held that upon the principle established by *Greville* v. *Brown* with respect

to legacies, the debts are charged on the residue by force of the word 'residue.'" See, also, notes to cases of *Silk* v. *Prince, 2 Lead. Cas. in Eq. (4 Am. ed.) 371* and cases there cited. *Story Eq. Jur.* § *1245* ; *Dover* v. *Gregory, 10 Sim. 393* ; *Mirehouse* v. *Scaife, 2 Myl. & Cr. 695* ; *Graves* v. *Graves, 8 Sim. 43* ; *Heniell* v. *Whitaker, 3 Russ. 343* ; *Bridgen* v. *Landen, 3 Id. 346* ; *Aubrey* v. *Middleton, 2 Eq. Cas. Abr. 497* ; *Alcock* v. *Sparhawk, 2 Vern. 228* ; *Barker* v. *The Duke of Devonshire, 3 Meriv. 310* ; *Wilch* v. *Wilch, 7 Bing. 664* ; *Doe* v. *Tofield, 11 East 246* ; *Hardacre* v. *Nash, 5 T. R. 716* ; *Pitman* v. *Stevens, 15 East 505* ; *Ronalds* v. *Feltham, Turn. & Russ. 418* ; *Shellcross* v. *Finden, 3 Ves. 738* ; *Smith* v. *Coffin, 2 H. Bl. 444* ; *Powell* v. *Robins, 7 Ves. 209* ; *Wasse* v. *Heslington, 3 Myl. & K. 495* ; *Braithwaite* v. *Britain, 1 Keen 206, 222* ; *Kightley* v. *Kightley, 2 Ves. 328* ; *Keeling* v. *Brown, 5 Ves. 359.*

And if the legacies were by the will charged generally upon the real estate, the real estate included in the residue, since a residuary devise is not specific, would have to be first exhausted before resort could be had to the complainant's share; so, too, under the principle of marshaling assets, the lands specifically devised can only be called upon to contribute to the payment of the debts after the residue has been applied, and falls short. See *Thomas* v. *Thomas, 2 C. E. Gr. 356* ; *Shreve* v. *Shreve, Id. 487* ; *M'Fait's Appeal, 8 Pa. St. 290.*

If the debts of the testatrix are charged upon the residue, then the mortgages created by her, and existing upon her realty are so charged.

They are personal debts of the testatrix, which would be payable, under the general rule, out of the general personal estate, and in this case, where the residue is subject to all the charges ordinarily belonging to the general personality, are payable out of the residue. And the residue is bound to exonerate those portions of the realty set off to the complainant, and the defendant, Mrs. Wilson, from the burden of the mortgages.

This rule is well established in this state, by the cases of *Keene* v. *Munn, 1 C. E. Gr. 398* ; *McLenahan* v. *McLenahan, 3 C. E.*

Smith *v.* Terry.

*Gr. 101 ; Campbell* v. *Campbell, 3 Stew. Eq. 415 ; Mount* v. *Van Ness, 6 Stew. Eq. 262.*

The opinion of the court was delivered by

REED, J.

Georgianna B. Terry, the respondent, filed the bill in this suit primarily to obtain partition of the real estate which had been devised to her and others by the will of her mother, Harriet E. Manning. Incidentally she wishes a construction of the terms of the will in respect of the quantity of her interest in the estate, and she prays the division of said estate shall be made upon her interpretation of the extent of her rights. She insists that, by the terms of the will, she is entitled to an estate for life in an equal undivided one-sixth part of the land and personal property of which the testatrix died seized or possessed, without any diminution on account of the debts of the testatrix, or the legacies by her bequeathed.

The court of chancery so construed the will, and decreed that she was entitled to the interest of the clear one-sixth part of the estate, both real and personal. From this part of the decree only is an appeal taken.

In reviewing the correctness of this construction of the will of the testatrix, we find, upon turning to that instrument, that its provisions, so far as they are material to this inquiry, are as follows :

"*Item.* I give and bequeath to my beloved daughter, Georgianna B. Terry, wife of Henry Terry, of Buffalo, the interest of the equal undivided one-sixth interest, part or portion of my whole estate during her natural life, and, upon her death, the said interest, as well as principal thereof, to be paid to her daughter, the said Georgianna Sweet, absolutely.".

A provision similar to that in favor of Mrs. Terry was made in favor of another daughter, Mrs. Wilson.

Then several pecuniary legacies were given to other relatives.

Then the residue of all the other property, both real and personal, was given and devised to the executor of the will, in trust for the execution of the will.

Then all the rents and issues from all the estate so held in. trust were bequeathed to Nellie J. Smith, another daughter, with. directions that the executor and trustee pay over the rents, issues. and profits quarterly for and during her natural life.

Then it was provided that, upon the death of Nellie J. Smith,. all the residue and remainder should go to her two daughters. absolutely, and the trust is then to cease. The point to be resolved is the ascertainment of the meaning of the testatrix when: she used the words, " one-sixth interest of my whole estate."

The question is whether the one-sixth interest is the proportion of the entire amount of the property of the testatrix without any deduction for debts, or is that part of the property of the testatrix after such deduction. The expression, "my whole estate," without any other words in the will modifying its meaning, I think, would signify the property which would be left for distribution after the payment of the debts of the decedent and the expenses of administration. Unless words or phrases used in a will have a legal signification arising from judicial or legislative construction, they should receive that interpretation which, they would impart to the ordinary mind.

A man's estate means what he is worth in property, and that is the value of his property over and above his liabilities. When, a man is spoken of as leaving an estate of a particular amount,. that is the sense in which it is meant.

I think it can be said, then, that according to the popular sense the amount of a deceased person's estate is what he is worth after the payment of his debts.

In the same sense, the words "estate or whole estate" of a testator means his worth in property rights. It has been held: that the words "all my property," used in a will, meant his realty and personalty, subject to the payment of his debts.

Thus, it was held in *Reed* v. *Addington, 4 Ves. 575,* that the words, "I give to my wife the one-third part of all my property that shall become due to me," gave the fund after the payment of debts, but did not subject it to the payment of legacies.

So, in *Bardwell* v. *Bardwell, 10 Pick. 19,* the words were :. "I give and bequeath one-third part of my personal estate."

The court said that if there were no other disposition by the testator, the whole personal estate would be subject to the payment of debts.

In *Briggs* v. *Hosford, 22 Pick. 288,* the bequest was of the " one-half of all my property," and it was held that it gave one-half after the payment of debts and expenses of administration.

Nor do I think the fact that the estate consists of both real and personal property stands in the way of the application of this rule to the present will.

While the personal property is still the primary fund for the payment of debts and expenses of administration, yet the real estate is secondarily liable for any portion of such debts or expenses remaining unpaid after the application of the personalty. The order of liability of particular parts of the estate, whether real or personal, can be controlled by the testator by way of specific bequests or devises, or otherwise, but the whole estate is liable for the payment of the debts if it becomes necessary to resort to it. Nor can such liability be evaded by any testamentary device.

Here was no specific devise of any part of the real estate. The will gave an undivided interest in the estate, real and personal, blended in one mass.

So far as the amount of the estate was affected by the payment of debts, it did not matter whether the personalty was to be first applied or not; the estate was what remained of the mass after the payment of debts.

Nor do I find in the will any expressions which would lead in the direction that the testatrix intended a different result. The counsel for respondent thinks there is significance in the direction in the first item in the will that her debts and funeral expenses shall be paid by her executor and trustee, coupled with the subsequent devise of the residue in trust. The contention is that, as he is directed to pay the debts in his dual character of executor and trustee, he is to pay them out of the trust estate, namely, the residue.

But I can see no such significance in this clause, for if she had intended such a result she would have used the term " trustee "

alone when directing the payment of her debts.   The use of the two terms "executor" and "trustee" was merely descriptive of the person appointed executor and trustee in a subsequent clause.

My conclusion is that Mrs. Terry and Mrs. Wilson were each entitled to the one-sixth interest of the land and personal property of the testatrix remaining after the payment of her debts and the expenses of her administration.   It was not seriously contended that it should be further reduced by the payment of legacies, nor is there any solid ground for such contention.

The record should be remitted to the court of chancery, where such direction may be had in regard to the further progress of the partition suit as the present modification of the decree in that court may render necessary.

*Decree unanimously reversed.*