By the Court :
The first clause of the will would doubtless be sufficient to vest the widow with one-half the canal stock, were there no other provisions in the will in direct repugnance to it. The stock is personal property, notwithstanding it is connected in some manner with the realty. But if we decree one-half this stock to the widow, we inevitably defeat what appears to have been the great and leading design and intention of the testator.
That it was not intended to comprehend the canal stock m the bequest of “personal property,” is manifest from almost *every part of the will. In the first place the “personal property ” included is all to be valued by three men, and the widow, upon such valuation, is to take the half. If she does not take it, it is to be *471 sold, and the proceeds paid to her. That it was not intended to subject the canal stock to sale is indisputable, because the proceeds of the personal and real estate are to be invested in canal' stock, and the widow is to receive “ one-half of the rents, issues, interests, and profits of all the estate;" because, too, it is subsequently provided that, after the decease of the widow, the daughter shall receive all the rents, issues, interests, and profits of all the canal stock, and that the heirs of the body of the daughter after her death should have all the stock aforesaid. It is impossible to give the widow half and the daughter all; and we can not reasonably suppose that any such absurd intention was entertained by the testator.
Throughout the whole will a marked distinction is made between the canal stock and ordinary personal property. The intention to extend the amount, and to preserve it for the use of the wife and daughter, during their lives, is clear and manifest. And this intention must be defeated if the canal stock was included in the first devise to the wife, as part of the personal property to be divided.
It is urged that the canal stock, being legally personal property, the devise of it is in express terms, and an express bequest is not to be defeated by implication. But whether is that devise more express which is supposed to comprehend the stock in the general term personal property, or that which specifically names the stock and bequeaths the profits of all, the whole, to the daughter ? Surely the terms of the latter devise are at least as specific as those of the former. There is no implication or inference necessary to understand them. And the intention to give them effect is too clear to be mistaken or disputed. The widow claims upon general terms, and seeks an interpretation contrary to the evident intention. The daughter claims upon a bequest in express terms of the specific subject — and her claim comports with the whole intention. If the two bequests be absolutely repugnant, the latter must prevail. If they are not so repugnant, they must be reconciled by deciding that the widow took a life estate in the profits of one-half the stock, and the daughter a life ^estate in the profits of the whole, subject to the widow’s right in half — the whole remainder to the heirs of the body of the daughter, or to the charitable uses. In either cases the complainants must fail.
Bill dismissed.