Judge Wood
delivered the opinion of the court:
The facts in this case, so far as they are necessary to be considered, are as follows: On February 15, 1814, Woollery Coonrod made his will, and soon after died. He devised all his estate, real and personal, to his son Henry; and, in the language of the will, “ subject to the following bequeststhe first of which is in these words : “ I will and bequeath unto my granddaughter, Barbara ■Coonrod, daughter of my son, Peter Coonrod, deceased, the sum of one thousand dollars, to be paid her at the age of eighteen years, in land, at such place as my son, Henry Coonrod, can buy for her, at its real value.’ ’
Henry was appointed sole executor, and qualified under the will. The complainant became of age in August, 1827.
The personal property was exhausted in the payment of the expenses of the last sickness and. the funeral, the expenses of the ■executorship, and the discharge of a legacy required by the will to be paid before the legacy in question became due. Before August, 1827, the executor became insolvent. Soon afterward, the .115] complainant demanded her legacy, which was not *paid, and there is no property, personal or real, from which payment can be compelled, unless the lands devised to Henry shall be held subject to its discharge.
*119 The lands so devised were all sold in different parcels, and at ■different times; some by Henry to Corn and Huston, and others by the sheriff to Stage and Huston, the other defendants. The first of these conveyances wa's in 1817, and the last in March, 1827, several months before the complainant became of age.
The complainant claims that the defendants, Huston, Stage, and ■Corn, hold the lands subject to the payment of her legacy, and prays that Henry may be compelled to disclose other property, from which she may compel the payment; and, in default thereof, ■the defendants, Huston, Stage, and Corn, may be decreed to contribute, pro rata, to its payment, and the lands ordered to be sold for the discharge thereof.
The bill contains no charge of fraud. The lands must, therefore, be supposed to have passed from Henry to the defendants bona fide. In the hands of Henry, no doubt exists, but what the lands would be charged with the legacy in equity. They have, however, passed from him, and whether the purchasers have a good title must depend upon the nature of the estate conveyed by the will to Henry, and whether the purchasers were bound to look to the application of the purchase money.
It is said a fee conditional only passed by the devise. Is it so? The will disposes of the lands to Henry, subject to the following bequests. If we close our inquiries here, we shall find but little difficulty in coming to the conclusion, that the estate, under the will, is but a conditional fee. It is not, however, from a single ' clause in this will, but from the whole instrument, taken together, that we are to arrivfe at the intentions of the testator. The words which follow the clause, “subject to the following bequests,” are these: “I give and bequeath to my granddaughter, Barbara Coonrod, daughter of my son, Peter Coonrod, one thousand dollars, to be paid her when she shall arrive at the age of eighteen years, iri land, where my son Henry can buy it, at its real value.” Is not this language inconsistent with the construction contended for? Henry, by the requisition to pay this legacy, if he did not choose to keep it, or was unable to do so, was, from the very nature of the case, authorized to sell the land to pay the legacy. He was not limited *as to the time of the sale. He might therefore [116 have disposed of it any time after he came into possession in 1814, although he could not pay the legacy until 1827, when the complainant should become of age. The executor, then, had thirteen *120 years for the exercise of an unlimited discretion in the sale of th© lands, and investment of the money, in lands, for the payment of the complainant. Can we suppose that during all this time, it was the intention of the testator to disable the plaintiff from conveying a good title to the lands, by the incumbrance of this legacy. We are rather disposed to look upon the will as conveying to Henry an estate in fee, and evidencing an intention to repose a special personal trust and confidence in him to discharge the duty which the will imposed. Who, then, should suffer by this misplaced confidence? Surely not the bona fide purchaser for a valuable consideration.
It may be said the two clauses of this will, the first devising tho lands, subject to the payment of this legacy, and the second vesting the devisee with a general power and discretion to sell and reinvest the purchase money, are inconsistent, and can not be reconciled with each other. To this it may be answered, and in favor of the construction, that the rule is, in such case, that the last clause in the will is to limit or control the former.
Was the purchaser bound to see the application of the purchase money? This is a question which has been much discussed in the books, and the result of our inquiries has been to establish, in our minds, the conviction, that when a trust is defined, payment to the trustee is sufficient, whenever the money is not merely to be paid over to third persons, but is to apply upon trusts, which require time and discretion, as where the trust is to lay out money in the purchase of an estate. Sug. Tend. 333.
In Wormly v. Wormly, Wheaton, 443, Mr. Justice Story remarks, there is much reason in the doctrine, that where the trust, is defined in its object, and the purchase money is to be reinvested upon trusts, which require time and discretion, as the act of sale and investment are manifestly contemplated to be at a distance from each other, the purchaser shall not be bound to look to the application of the purchase money.
In this case, the trust was defined, and the act of sale and investment were contemplated to be at a distance from each other; they required time and discretion, which were given by the 117] *will, and the purchasers were not bound to see to the application of the purchase money. This, in our opinion, is tha law of the case.