In the matter of the final account of the executors of JOHN OTTO DONNER, deceased.

[Filed October 6th, 1903.]

By the first clause of his will testator directed his debts, funeral and testamentary expenses to be paid by his executors; by the second clause he bequeathed to his wife certain specific goods and chattels—part of his personal property—expressly declaring that the bequest was not to include such personal property as consisted of money and securities; by the third clause he bequeathed *all* his personal property to his wife and his two daughters, each to have one-third thereof.—*Held*, that no con-

trary intent being disclosed by other parts of the will, the general bequest contained in the third clause did not revoke the specific bequest contained in the second clause, nor was such specific bequest included in the one-third part bequeathed to the wife by the third clause, but that such specific bequest operated to except from the general bequest the articles so specifically given. .

On appeal from the Bergen county orphans court.

*Mr. John W. Beekman* (with whom was *Mr. Frank K. Vander-veer,* of the New York bar), for the appellant.

*Mr. William H. Corbin* and *Mr. William T. Day,* for the respondents.

MAGIE, ORDINARY.

The appeal in this cause is from a decree of the orphans court of Bergen county, made February 19th, 1902, allowing the final account of Julia W. L. Donner and Spencer S. Baldwin, executors of the will of John Otto Donner, deceased. Exceptions were presented by Elizabeth Donner Franksen, a legatee and devisee under said will, and she has appealed from the decree.

The question of the greatest importance presented by the appeal arises upon an exception to the account, which is put upon the ground that the executors had not charged themselves with certain of the personal property of the deceased. · The fact that the testator died possessed of certain personal property was not in dispute. The property in question was not included in the inventory made by the executors, nor did they charge themselves with it, or its value, in the final account. The executors claimed that it was the subject of a specific bequest in the will of their testator and that they had delivered it to the legatee to whom it was bequeathed, and therefore that they were not bound to inventory it or to charge themselves with it in the final account. The contest is therefore upon the clauses of the will affecting the disposition of this property. The executors claim that the property was specifically bequeathed; the appellant claims that it belonged to the general fund, in which she was interested.

Donner's Case.

The property in question is that included in the second item of the will of the testator, which is in these words:

"I give and bequeath to my wife, Julia W. L. Donner, all my jewelry, silver, plated-ware, china, furniture, ornaments, bric-a-brac, wearing apparel, all household, domestic and personal articles, and also all my horses, carriages, harness and other horse furnishings, and stable furniture and farming implements, it being my intention to hereby give and devise to my said wife all articles of personal property which I possess at the time of my decease, except money, either in cash or in the bank, stocks, bonds and all evidences of indebtedness."

Upon the language of this clause, standing alone, no contention has been or can be made, but that the articles bequeathed were specific legacies, passing to the legatee the whole interest of the testator therein. While the better course of the executors would have been to inventory these articles as part of the estate, and their omission to do so could have been objected to by creditors of the deceased, such omission has worked no injury to the appellant unless, by other portions of the will, she has an interest in that property or an interest in the estate which will be diminished by the exclusion of that property from the accounting.

Appellant claims that she has such an interest, or is thus injuriously affected by the exclusion of this property from the account under the provisions of the third clause of the testator's will, which is in these words:

"*Third.* I give, devise and bequeath one equal one-third part of all my property, both real and personal, wherever the same may be situated, to my wife, Julia W. L. Donner, one other equal undivided one-third part thereof to my daughter Mary Elizabeth Van Arsdale Franksen, wife of Rudolph Franksen; and the remaining one equal one-third part thereof to my daughter Ilse Alberta Anna Donner. If however either of my said wife, or my said daughter Ilse Donner should die before me, then and in such event I give, devise and bequeath the share or portion of my said estate so devised and bequeathed to the one so dying before me, to the survivor of my said wife, and my said daughter Ilse Donner."

The contention before me has been of a twofold character. It is first urged that, by the third clause, all the personal property of the testator was disposed of to the three legatees

therein named, and that such disposition is inconsistent with the prior bequest of a portion of his personal property to his widow, so that the bequest to the widow by the second clause of the will was wholly ineffective and must be disregarded.

In the second place it is urged that, if the general bequest of the third clause does not wholly abrogate and revoke the specific bequest of the second clause, the two clauses must be construed together and, when so construed, the provisions of the third clause, bequeathing to the widow the equal one-third part of the personal property, must be held to be limited by the provisions of the second clause, so that the articles bequeathed by the second clause must be included in the one-third part of the personal property to which the widow became entitled by the third clause.

While there is no direct evidence of the value of the specific gifts disposed of by the second clause, there is a justifiable inference that their value would not equal the one-third part of the personal property of the deceased which was inventoried and has been included in the account as having a value of over $160,000.

If either of the contentions of appellant be accepted, the omission of the value of the personal property of the deceased named in the second clause of his will from the accounting operates to the disadvantage of the appellant, who is thereby deprived of the one-third part of its value.

The court below, in decreeing the allowance of the executors' account with this omission, substantially overruled this exception and the appellant has a right to have the decree in this regard reviewed.

The contention that the specific bequest to the testator's widow, contained in the second clause of his will, must be rejected as wholly void, is put upon the well-settled and universally recognized doctrine that, when a testamentary instrument contains two bequests or devises which are entirely irreconcilable and invincibly repugnant to each other, the latter of the two inconsistent clauses is to be taken as expressing the will of the testator and the former of them is of no avail. Lord Coke gives

as the reason of the rule that the will of the testator is ambulatory even to the time of his death and a later will countermands the first. *Co. Litt. 112b.* The doctrine is too well settled in the courts of England and of this country to justify the citation of authorities. The subject of repugnancy and contradiction in wills is fully discussed by Mr. Jarman in the fifteenth chapter of his treatise on wills (*2 Jarm. Wills, R. & T. ed., 44*) and by Judge Redfield in section 6 of the ninth chapter of his work on wills (*1 Redf. Wills 443*). See cases collected in *29 Am. & Eng. Encycl. L. (1st ed.) 363.*

The doctrine above stated, it is equally well settled, is never to be applied so as to avoid and make nugatory a plainly expressed disposition of property until, after an examination of the whole testament, it fully appears that such disposition is clearly repugnant to a succeeding disposition thereof. As in other cases requiring the construction of wills, the court charged with that duty is bound to seek out of all the provisions made by the testator his intent. To discover that intent clauses in the will may be transposed, if an intent may be thus discovered. *1 Underh. Wills § 362; Mutter Estate, 38 Pa. St. 314; Hunt v. Johnson, 10 B. Mon. 342; Creveling v. Jones, 1 Zab. 573.*

Words having naturally an unlimited meaning may have a limited meaning attributed to them if from the whole instrument it reasonably appears that the testator used them in such limited meaning. *Marshall's Executors v. Hadley, 5 Dick. Ch. Rep. 547.* If an intent is disclosed on such examination that clauses, apparently inconsistent, should not be contradictory but supplementary, such construction should be given them. If apparently contradictory clauses may, by a reasonable construction, be reconciled and accommodated so that both may stand in whole or in part, such construction should be adopted to prevent the avoidance of testator's expressed design.

Counsel for appellant concedes these propositions to be correct. He suggests that the court may transpose the second and third clauses of this will, not for the purpose of applying to the transposed clause the doctrine first stated (which would be rather making a will for the testator), but for the purpose of

discovering testator's intent, and he contends that there is thus revealed an intent which will reconcile the two clauses and avoid any apparent repugnancy. His argument is that the third clause, standing by itself, disposes of *all* testator's personal property and, unless a different intent is otherwise discoverable, it is impossible to read it as disposing of all the residue of such property. But he contends that if the second and third clauses be transposed, they may be wholly reconciled by finding an intent thus disclosed to include the property specifically bequeathed to the widow by the second clause in the one-third part of the personal property bequeathed to her by the other clause.

If it appeared that the value of the property specifically bequeathed exceeded one-third part of all testator's personal property, it seems obvious that this argument would not avail. But as a court, in attempting to discover a testator's intent in a will, may put itself in the position of testator and look at the circumstances under which he made the will, and as it sufficiently appears that the property specifically bequeathed did not exceed in value one-third part of all testator's personal property, the argument should be considered.

Unless testator's intent that the specific bequests of the second clause should be included in and make part of the bequest to the same person of one-third of the personal property, contained in the third clause, is disclosed by other parts of the will, I am unable to discover such an intent in the mere fact of the apparent opposition of the two bequests.

The third clause, which disposes apparently of all testator's personal property, is not contained in a codicil, nor is it separated in the will by other clauses from the second clause, which apparently disposes of certain specified personal property. Both clauses stand in juxtaposition and it is impossible to conceive that testator had forgotten the provisions of the second clause when the third clause was written or considered by him. Nor can it be conceived that testator consciously intended to abrogate and avoid the provisions of the second clause by the generality of the language of the third clause. If that intent

is to be attributed it must result from the application of the formal rule, which is not to be applied if a different intent can be discovered from the will.

By the second clause testator distinguished between two classes of personal property. One class is made up wholly of that kind of personal property which is denominated as goods and chattels, the other class is made up of money and securities. If the second clause be read in the order in which testator placed it, I think it may be properly inferred that testator deemed that the *personal* property disposed of by the third clause was that class of such property before distinguished and excepted from the bequest in the second clause. *Young* v. *McIntire, 3 Ohio 498.* But if the second clause be transposed and read after the third clause, a plain intent is disclosed to except its bequests from the general disposition of personal property. In either mode in which the two clauses are read, they may both be effective, and the case falls within that class of adjudged cases, an examination of which has led Judge Redfield to declare that they establish the rule that when a testator makes a general bequest, which includes the whole of his estate, and by other portions of his will makes specific dispositions, these must be regarded as explanations or exceptions out of the general disposition, and it will not be important in such case whether the general or the specific provisions come first in order, since, in either case, the general disposition will be regarded as made subject to the more specific ones. *1 Redf. Wills 445.*

Mr. Theobald declares the rule to be that, where a gift of all testator's property is followed by gifts of specific portions of it, or *vice versa,* both gifts may take effect. *Theob. Wills (5th ed.) 659.* When there was a devise of a certain portion of testator's real estate to his widow in terms, which, standing alone, would have carried the fee, and by the next clause of the will there was a devise to his children of all his real estate, to be sold after the widow's death, it was held that the widow took a fee in the real estate devised by the first clause and that the second clause operated only on testator's other real estate. *Brownfield* v. *Wilson, 78 Ill. 467; Holdfast* v. *Pardoe, 2 W. Bl. 975; Roe d.*

*Snape* v. *Nevill, 11 Q. B. 466; In re Arrowsmith Trusts, 2 De G. F. & J. 474; Sherratt* v. *Bentley, 2 Myl. & K. 149; Cuthbert* v. *Lempriere, 3 M. & S. 158.*

But there is language in this will which, though not adverted to by counsel on either side, requires consideration and which presents a question which I have not found free from difficulty. The question is whether it does not indicate testator's understanding that the specific bequest was included in and made part of his general bequest in the third clause. By the language of that clause it is clear that testator contemplated that his wife, or his daughter Ilse, might die before him, and that, in such case, the provision for them would lapse. He manifestly intended to make provision for the happening of either event. He declared his intention in these words:

"In such an event, I give, devise and bequeath the share or portion of my estate so devised and bequeathed to the one so dying before me, to the survivor of my said wife and my said daughter Ilse Donner."

If this language must be construed as operating only upon the part of his property disposed of to his wife by the third clause, it would afford persuasive evidence that he deemed the bequest therein of one-third part of his personal property to his wife included the previous specific bequests to her contained in the second clause. For it is well nigh inconceivable that he could have intended to provide against a lapse in one case and not in the other. But I have reached the conclusion, although not without some hesitation, that this language may be properly applied not only to the one-third bequeathed to the wife by the third clause, but also to that *portion* of his property previously specifically bequeathed to her.

It results that the court below properly overruled this exception and its decree is not erroneous in that respect.

A great number of exceptions were also interposed below to various items of the account of the executors. On the argument before me many of these exceptions were waived, and such waiver was indicated by erasures and statements by counsel upon the state of the case furnished me. No brief pointing out spe-

Morris' Case.

cifically the objections retained and the grounds for deeming the decree in those instances erroneous has been furnished me. I have examined the exceptions remaining unwaived with all the care possible and with an effort to discover the grounds on which error in respect to them is asserted. The result is that I have been unable to find that the decree below is shown to be erroneous in respect to any of them.

The result is that the decree must be affirmed.