## GOUBEAUX, Tee v WESTERFIELD, Admr

Ohio Appeals, 2nd Dist, Darke Co

No 463.   Decided June 4, 1934

Murphy & Staley, Greenville, Goubeaux & Goubeaux, for plaintiff in error.

Billingsley & Manix, Greenville, for O. E. Westerfield.

Wilbur D. Spidel, Greenville, for C. C. Westerfield, Admr., for defendants in error.

## OPINION

By BARNES, J.

In view of the fact that the lower court gave a construction to the will by which Laura Westerfield would hold all the property in fee simple, of course she is a necessary and proper party defendant to this proceeding. We assume this omission of name in caption of petition in error may be inserted without objection.

Considering the question as though all parties were properly in court, we think the decision of the lower court must be sustained. Under the first dispositive clause of the will, the testator used the following language:

"I will, devise and bequeath to my beloved wife, Laura M. Westerfield, all property both real and personal of which I may be possessed at my death, to be hers absolutely and in case it becomes necessary to settle my estate, I hereby appoint her executrix without bond."

It is contended that the next item in connection with the one above quoted, limits

her interest to a life estate. This item reads as follows:

"In case that my wife, Laura Westerfield, and I should die leaving no will, I, Enoch Westerfield, do leave all my property real and personal to my children, O. E. Westerfield, Bessie Rupe and Cliff Westerfield to be equally divided between them."

So far as Enoch Westerfield's dying without executing another will, nothing was added under this provision except what the law expressly provides. A paper writing designated as a will is never operative until the death of the testator and then it is his last will and testament that is authorized to be probated. The language as it applies to his wife would read in substance that in case my wife, Laura M. Westerfield, dies leaving no will, I leave all my real and personal property to my children, O. E. Westerfield, Bessie Rupe and Cliff Westerfield, to be divided equally between them.

This in effect is an attempt on the part of the testator to make a will for his wife and dispose of the property that he has given to her absolutely. The law very clearly announces that a remainder or other interest may not be engrafted on a fee simple estate. Furthermore, as stated by the trial court in his very able opinion, it could not possibly be determined at this time whether or not Laura Westerfield will leave a will disposing of the property. Neither in the remaining clauses of the will nor in the codicil do we find anything which lends aid to a contrary conclusion.

We have examined the many authorities cited by counsel in their very able briefs, but to refer to these decisions separately and specifically would only unnecessarily add to the length of this opinion. We find no error in the judgment of the lower court. Therefore the same will be affirmed at costs of plaintiff in error. Exceptions will be allowed to plaintiff in error.

HORNBECK, PJ, concurs.