**STREVEY v WILLIAMS, Exr., etc., et**

Ohio Appeals, 2nd Dist, Fayette Co

No 246. Decided Feb 18, 1941

R. M. Winegardner, Columbus; Willard C. Walter, Chillicothe, for plaintiff.

E. L. Bush, Washington, C. H., for defendants.

## OPINION

By GEIGER, PJ.

This matter has been before this court on a former hearing, and the court on Dec. 27, 1940, rendered a decision in which it set up at length the controversy between the parties, but not finding in the transcript of the docket at that time furnished to the court, a notice of appeal, the court suspended final judgment with the statement that "unless we discover a notice of appeal given within the proper time we have no jurisdiction of the cause except of our own motion to dismiss the appeal. Should this necessary preliminary step be shown to have been taken, we will consider the case as presented, but until that is done we are powerless."

Since that time there has been filed with the court a transcript of the docket and journal entries of the Probate Court in which it is disclosed that the final entry was filed on Feb. 21, 1940, and notice of appeal was given perilously near the last day, but seems to be within time.

Having in our former opinion recited the facts in this case, we will not again detail them, except to state that the matter before this court is the interpretation of the part of Item 2 of the will of decedent which is:

"I hereby give in fee simple to my wife, Elizabeth Williams, to have and to hold during her natural life."

The court below held that the provision conferred upon her a fee simple title to the real estate. It is the contention of the plaintiff that the appellant under this provision of the will, as a daughter and legal heir of her father, John, became vested with the estate in remainder to the extent of an undivided one-fifth part thereof, subject only to the limitations of a life estate in the widow, Elizabeth, now deceased, under the laws of descent and distribution, as the same were in effect on April 29, 1933, the date of the death of the testator.

There are certain fundamental principles that invite our attention, which are to the effect that if the language is plain and meaning obvious, courts cannot qualify the language by conjectures; in construing the language which is clear and unambiguous the courts must expound language in its common and ordinary sense, and the intention of the testator must be determined from the entire instrument if there be anything throwing light on items claimed to be ambiguous.

Where land is devised by language clearly indicating that fee simple is intended to be conveyed, and without words of limitation, devise cannot be limited by subsequent doubtful provisions placing limitations thereon.

If fee simple estate be granted in plain and unequivocal language in one clause of a will it cannot be lessened or cut down by subsequent clauses, "unless the language therein is as clear, plain and unequivocal as that in the first grant". 41 O. Jur., page 738, §624. Some specific cases may be cited.

Where a will devises without qualification property to a widow and later

provides upon the widow's death all property should be divided among the testator's children with a single exception it is held that a widow has been given an estate in fee simple. Baun v Fox, 91 S. W. (2d) 601.

Where there is a statute which provides that every gift shall be considered as a fee simple, unless such construction is inconsistent with the will of the testator, and the words, "in fee simple for life", are used, a fee simple passes and the words, "for life", should be regarded as repugnant to the estate already conferred and should be rejected. McAllister v Tate, 73 Am. Dec. 119.

Sec. 10504-72 GC, under the caption, "When whole estate to pass," provides:

"Every devise in a will of lands, tenements, or hereditaments, shall convey all the estate of the devisor therein, which he could lawfully devise, unless it clearly appears by the will that the devisor intended to convey a less estate."

This section is not effective to defeat the intention of the testator expressed or clearly implied. Heath v Cleveland, 114 Oh St 537.

Where land is devised by language clearly indicating that a fee is intended and without words of limitation, devise cannot be limited by subsequent doubtful provisions placing limitation thereon. Baker v Alexander, 24 Oh Ap 117.

Under the provision of this section in devises of real property, an absolute fee simple title passes if nothing appears in the will showing a contrary intent; the use of words of inheritance in the devise is the expression of an intent that the devisee shall have a fee simple title. Jones v Jones, 48 Oh Ap 138. This section proceeds upon the theory that the testator is presumed to have intended to complete the testamentary undertaking upon which he entered. When that presumption is plainly inapplicable, this statute does not govern.

Devise of all the testator's property to his wife is absolute and conveys a fee simple estate which is not cut down to a lesser estate by a later item in the will providing "in case that my wife and I should die, leaving no will", is not cut down by a later item in the will providing for certain other dispositions of the property. Geoubauex v Westerfield, 18 Abs 54.

Where by the terms of a will a fee is clearly given, a limitation over of the remainder is void as inconsistent with the fee granted. Hull v Crishold, 7 Oh Ap 346.

Where an estate in fee simple is devised in clear and unequivocal terms such estate shall not be cut down or limited by a subsequent clause less conclusive. Persinger v Britton, 10 Oh Ap 164.

An absolute estate in clear and unequivocal language cannot be cut down by a subsequent clause in the same item in which the words are not as clear as those in the clause conveying the estate. Watkins v Price, 16 Oh Ap 27. See also Baker v Alexander, 24 Oh Ap 117.

The difficulty in applying these principles to the instant case is that the phrase, "to have and to hold during her natural life," is just as clear as the phrase "in fee simple", and it cannot be justly said that the former phrase is not as conclusive and clear as the latter. However, we are admonished that we may look to the whole of the will to ascertain the intent of the testator. It is quite apparent that he intended to dispose of his entire estate, and no one is mentioned in the will except his wife. The will does not provide that upon the death of his wife any property that may remain shall go to his children, but simply says that his wife shall hold it "in fee simple during her natural life".

It is the contention of the appellant that the words, "to have and to hold during her natural life" distinctly limit and restrict the possible effect of the estate in fee that the testator might otherwise have provided for.

Counsel for the appellants cite many cases to which we have given our attention. The substance of his contention with the supporting authorities are to the effect that a devise of a fee may be restricted by subsequent words in the will so that it will be changed to an estate for life. Restrictions created and imposed by the testator must be given effect even through conditions subsequent, although such conditions are not favored in law and are to be strictly construed.

Where words sufficient to vest the fee are first used and those which follow apparently indicate a contrary intention, the court must in each case, after considering the whole ▮▮▮ will, decide as to the primary or general intent of the testator; if it be to give an absolute estate, then the subsequent words cannot restrict the gift or strip the fee of its ordinary attributes, but if after considering the will as a whole the court finds that the devise expresses an unequivocal intent to give less than a fee, it must hold accordingly.

A fee can be defeated only by subsequent provisions which show clearly that the testator intended not to give a fee. There is no prohibition against cutting down or limiting an absolute gift by some other provision thereof, but it is only necessary that the language attempting to limit the bequest shall so show such intent as clearly as the prior language creating the bequest. Courts will endeavor to reconcile two apparently inconsistent provisions of a will rather than to ignore either; in case of an absolute and irreconcilable discrepancy the courts will enforce the clause which is last in place in the will and abrogate the one which comes first. A subsequent clause qualifying the devise of an absolute fee, thereby indicating intention not to devise the absolute fee, will be given effect.

As supporting these principles appellee has cited 28 Ruling Case Law 241; 69 Corpus Juris 673; In re Baughman's Estate. 126 A. 58; 281, Pa., 23; Reiff v Pepo, 290 Pa. 508; In re Sweeneys Will, 200 N. Y. S. 328; Page on Wills 555; Coonrod v Coonrod, 6 Ohio 114; Young v McIntire, 3 Ohio 498; Howe v Fuller, 19 Ohio 51.

Many other cases are cited, but those above enumerated are most pertinent to the issue.

See also Rogers v Rogers, 49 N. J. Equity; Persinger v Britton, 10 Oh Ap 164; Hull v Chisholm, 7 Oh Ap 346; Watkins v Price, 16 Oh Ap 27; Alexander v Willis, 30 Oh Ap 289; Trumbull v Stentz, 30 Oh Ap 34, opinion by Williams, Judge, now on the Supreme Court. The judge there states that it has many times been held in Ohio that where a last will and testament in its terms bequeaths or devises property to one person absolutely and in fee simple, and then by a subsequent provision in the will attempts to ingraft a remainder upon the fee, the so-called remainder is void and of no effect, and the first taker will take the property absolutely and in fee simple.

As we have indicated, the case is not without difficulty, but we have arrived at the conclusion, after considering the rules of construction and the statute ▮▮▮ that the testator intended to and did convey to his wife a fee simple, and that the same was not in any way cut down by the provision in the question. This was the holding of the court below in a very well considered opinion. Judgment of the court below affirmed.

HORNBECK and BARNES, JJ., concur.