**COREY, Plaintiff, v. NATIONAL BANK OF TOLEDO et, Defendants.**

Common Pleas Court, Lucas County.

No. 183284. Decided July 12, 1958.

**OPINION**

By McCABE, J.

This is an action for the construction of the Will of Elias J. Corey,

deceased, brought by the widow, Nahella Corey, against the defendants, The National Bank of Toledo, formerly Commerce National Bank of Toledo, Executor and Trustee named under the Will, and the deceased's children, Roger E. Corey, Esa E. Corey and Matile Michel. All parties were duly before the Court and represented by counsel. The pleadings consist of the plaintiff's petition and the answers of the defendants. Trial was held on June 25, 1958, at which time testimony was taken and oral arguments of counsel heard. Counsel for the plaintiff and counsel for the defendants Roger E. Corey, Esa E. Corey and Matile Michel presented trial briefs and, with leave of Court, counsel for plaintiff also filed a reply brief.

The facts have been established by the pleadings and have not been the subject of dispute for the reason that they are provable by incontrovertible documentary evidence to which all parties have had access. The deceased died a resident of Lucas County, Ohio, on May 15, 1956, leaving plaintiff and defendants Roger E. Corey, Esa E. Corey and Matile Michel his sole heirs at law. The deceased's Last Will and Testament was identified by the witness Willis Ludeman, Chief Deputy Clerk of the Probate Court of Lucas County, Ohio, and admitted in evidence marked "Exhibit A."

The question presented is whether or not the rights of the plaintiff to the income and to appoint the corpus of the trust established by Item IX A of the Will are subject to being defeated by the happening of any of the events set forth in Item X of the Will. I have concluded that the plaintiff's rights as a beneficiary of Trust A are not subject to being defeated upon the happening of any of the events set forth in Item X because such conclusion is required by (1) the express words of the Will, (2) the intention of the testator as expressed in the dispositive provisions of the Will and (3) the law of Ohio with respect to spendthrift trusts.

The Trust established by Item IX A and Item X are as follows:
" 'A' "

"The Trustee shall set aside and hold, in a separate trust, Trust A, assets equal in value to one-half (½) of the value of my adjusted gross estate as determined for Federal estate tax purposes, less the aggregate value of marital deductions, if any, allowed for Federal estate tax purposes by reason of property or interests therein (including insurance proceeds) passing or which have passed to my wife otherwise than under this Will. Only such assets, the nature of which qualifies them for the marital deduction, shall be so set aside and held in such separate trust for my wife. The income and principal shall be distributed as follows:

"(a) All the income (which may be more but in no event shall be less than the income determined in accordance with the requirements of the applicable sections of the Internal Revenue Code and the rules and regulations issued pursuant thereto entitling a decedent's estate to a marital deduction) shall be distributed to my wife annually or at more frequent intervals.

"(b) My said wife shall have the right and power, at any time and from time to time, and in all events, by means of a written instrument signed by her and delivered to the Trustee during her lifetime, or at her

death by provision in her will which expressly refers to her power of appointment hereunder, to appoint all or any part of the principal to such one or more person or persons (including herself and/or her estate), in such shares and amounts and in such manner, as she may designate.

"(c) To whatever extent my wife shall fail effectively to appoint such principal, it shall, upon her death, be distributed and paid over to Trust "B," hereinafter set forth."

"ITEM X

"If any beneficiary of any trust hereunder shall attempt at any time or times to alienate, sell, transfer, assign, pledge or otherwise encumber the whole or any part of the income and/or principal reserved to such beneficiary, or if any creditor or person having a claim or demand of any sort against any such beneficiary levies an attachment or otherwise attempts to subject the income and/or principal reserved hereunder to such beneficiary to the satisfaction of such beneficiary's debts or other obligations, then and in that event and from that time forward the absolute right of such beneficiary to the income and/or principal hereunder reserved shall cease and determine and all income and/or principal hereunder reserved for such beneficiary shall thereafter be held or distributed by the Trustee during the remainder of the life of the trust for such beneficiary in all or any of the following ways:

"(a) All or any part of such income may be accumulated; or

"(b) Such part of such income, accumulated income and principal as may be needful or desirable for the education, care, comfort or support of such beneficiary or such beneficiary's issue, may be paid to or applied to the use of such beneficiary or such beneficiary's issue, as the Trustee in its absolute and uncontrolled discretion, without being liable to account for the exercise of such discretion, thinks fit."

Trust A specifically provides that the plaintiff shall be entitled to the income which shall "in no **event**" be less than a certain amount and that she shall have the power to appoint the corpus "in all events." The use of the word "event" is significant because in Item X it is provided that if there is an alienation, sale, etc., "then and in that **event**" the absolute right of the beneficiary shall cease. Thus, by labeling an alienation, sale, etc. an "event" in Item X and by providing in Trust A that no "event" shall defeat the rights of the widow, it becomes clear that the rights of the plaintiff as beneficiary of Trust A are exempted from forfeiture by the operation of Item X. Defendants' contention that Item X must be applicable to the widow's rights under Trust A because Item X uses the plural form in referring to ". . . any beneficiary of any trust hereunder . . ." is not well taken for even though all beneficiaries of all trusts created under the Will are referred to by such words, the limitations of Item X are only operative and are only imposed upon a particular beneficiary by the happening of one of the enumerated events, and, as pointed out above, the plaintiff's rights to the income and to appoint the corpus under Trust A have been specifically exempted from the operation of the limitations of Item X by the express words of Trust A and Item X. The widow's rights to the income and to appoint the corpus of Trust A, therefore, are absolute and are not subject to

being defeated upon the happening of any of the events set forth in Item X.

The provisions of Trust A created in Item IX of the Will must also prevail over the limitations set forth in Item X, notwithstanding that Item X appears last, for the reason that Trust A is an affirmative dispositive provision of the Will in which the testator expressed his intention that the plaintiff should be absolutely entitled to the benefit of the assets contained in Trust A; whereas, Item X is a general non-dispositive provision—in this case a typical "spendthrift" provision—that is not to be allowed to defeat the specifically expressed bequest of the testator to the plaintiff by Trust A. The Courts of Ohio have held that where an absolute grant is given under a will, it cannot be detracted from by subsequent doubtful words in a will. In the case of **Baker v. Alexander, 24 Oh Ap 117**, the Court said at **p. 127:**

"We reach the unanimous conclusion that, while there may be, and is, some little conflict in the authorities in other jurisdictions, it is, in our own jurisdiction, however, the settled law that, where land is devised in words and language clearly indicating that fee simple is intended to be conveyed, and without words of limitation, the devise cannot be limited by a subsequent doubtful provision placing a limitation thereon."

To the same effect see §2107.51 R. C.; **Goubeaux v. Westerfield, 18 Abs 54; Lincoln v. Columbus Advertising Co., 27 Abs 359;** Hamilton v. Stone, 130 C. C. N. S. 556; 41 O. Jur., Wills, Sec. 461. The widow's rights to the income and to appoint the corpus of Trust A, therefore, are absolute and are not subject to being defeated upon the happening of any of the events set forth in Item X.

Having considered this matter from the standpoint of the interpretation which should be placed upon this Will under the laws of the State of Ohio, I turn now to the question of the effect of spendthrift clauses under the laws of our State.

I find that the most recent decision of the courts of our State interpreting the matter of spendthrift clauses is that of my colleague, Judge Paul W. Alexander, which is found in the case of **O'Connor, Jr., plaintiff, v. O'Connor, defendant,** and is reported in **75 Abs 420.** In this decision Judge Alexander held that the wife and children of the beneficiary of a spendthrift trust were not creditors of the beneficiary and that the liability of such beneficiary is not a debt. Judge Alexander's opinion has not been reversed by any of the higher courts and it therefore, under those circumstances, stands as the law of Ohio.

If it be the law that the obligation of a husband to provide for the support of his wife and children is not a debt within the meaning of the spendthrift clause contained in a Will, and if the wife and children of such beneficiaries are not to be construed as creditors, certainly the provisions of a spendthrift clause in a Will wherein reference is made to the word "debt" or "creditor" can under no circumstances be held to detract in the slightest from the definite dispositive provisions of a Will in which rights are given to the widow of the deceased as in the case before us.

It appears from the briefs of counsel that Trust A may not qualify

for the so-called estate tax marital deduction if the widow's rights are subject to the restrictions of Item X. If such is the case, it is to be noted that the foregoing holding is in accord with the abundantly clear intent of the testator that Trust A should qualify for such deduction. The form in which the Will is drawn is replete with references to and provisions drawn in accordance with the Federal estate tax marital deduction law, and nothing could be more clear than that the testator intended Trust A to qualify for such deduction.

It is the holding of this Court that the plaintiff's rights as a beneficiary of the trust established by Item IX A of the Will of the deceased are absolute and are not restricted or subject to the conditions set forth in Item X of the Will. The National Bank of Toledo, as Executor and Trustee named under the will, is ordered to administer the estate and the trust established by Item IX A of the Will in conformity with this decision.

A journal entry may be drawn accordingly. Exceptions are to be allowed to the defendants.