Merrimack, }
Oct. 3, 1922. }

### ST. MARY'S SCHOOL FOR GIRLS *v.* CONCORD.

Under Laws 1913, *c.* 115, real estate acquired by an educational institution for its future buildings, and which it occupies either by cultivation or so far as unimproved land is capable of occupation (and which is not rented or within the provisos of the act), is exempt from taxation.

PETITION, for the abatement of taxes assessed upon real estate owned by the petitioner. The petitioner is a corporation organized for and devoted to educational purposes. The real estate upon which the tax is assessed was purchased to be used as a site for new buildings and grounds. It is owned by the plaintiffs for this purpose and held with the intention of moving their school thereto and erecting and maintaining their school building thereon, as soon as the necessary funds can be raised. The land consists of three parcels, approximately five and one half acres of land, unimproved except for a graded lot in one corner, upon which one of the grantors, Webster, had a house which he rented "at the date of the assessment."

The petitioner has cultivated a portion of the premises for the use of the school and sold the hay grown thereon. Residents of Concord have been allowed to maintain "war gardens" on the premises without payment of rent.

Transferred from the April term, 1921, of the superior court by *Marble*, J., without a ruling.

*Streeter, Demond, Woodworth & Sulloway*, for the plaintiffs.

*J. Joseph Doherty*, for the defendants.

PARSONS, C. J.    "Section 1. The personal property of institutions devoted to educational purposes, charitable and religious societies and of temperance societies, incorporated within this state, and the real estate owned and occupied by them, their officers or their students for the purposes for which they are incorporated shall be exempt from taxation, *provided* none of the income or profits of the business of such corporations or institutions is divided among the stockholders or members, or is used or appropriated for other than educational, charitable or religious purposes, and *provided further*, that in each case such exemption is limited to $150,000.

"Sect. 2. All special acts exempting property of any such corporation or institution from taxation, unless such property is used as specified in section 1 of this act, and all acts or parts of acts inconsistent with this act are hereby repealed, and this act shall take effect upon its passage." Laws 1913, c. 115, ss. 1, 2.

This act was amended in 1915 so as to include within the exemption "property used and occupied by the Grand Army of the Republic." Prior to the act of 1913 institutions and societies of this character were many of them exempted by special acts some of which have been construed by the court. *Phillips Exeter Academy* v. *Exeter*, 58 N. H. 306; *New London* v. *Colby Academy*, 69 N. H. 443; *Young Men's Christian Ass'n* v. *Keene*, 70 N. H. 223. By the general statute law all real estate is taxable "except houses of public worship, twenty-five hundred dollars of the value of parsonages owned by religious societies and occupied by their pastors, schoolhouses, seminaries of learning." By c. 66, Laws 1895, so much of the property of charitable associations, corporations, and societies "as is devoted exclusively to the uses and purposes of public charity" is exempted. *New London* v. *Colby Academy*, 69 N. H. 443, 446. The use which entitled such an institution to an

exemption, it was held, must be an exclusive one and accordingly in this case dormitories owned by the institution and principally occupied by its students and officers were held not entitled to exemption. See *Phillips Exeter Academy* v. *Exeter, supra.* By Chapter 50, Laws 1879, "All property, whether real or personal, owned by any church association or corporation, used exclusively for a place of worship, not exceeding $10,000 in value, shall be exempt from taxation." The existing statute substitutes occupancy for exclusive use as the test of exemption. The rejection of exclusive use as the test found in the earlier statutes and applied by the court is significant, especially as exclusive occupation does not appear a necessary requisite of exemption. An intention to extend the exemption as well as to establish uniformity is apparent. An occupant is defined by Webster as one who has the actual use or possession. Real estate owned but rented although the rentals are devoted to the purposes of the owners is not occupied by the owner but by the tenant who has the actual use and occupation. The intent of the statute seems clear that property in the actual possession of others, occupied by tenants who are not students or officers of the corporation, should be taxed, and all other real estate occupied by such institution for its purposes should not be taxed.

The plaintiffs were incorporated in 1885, Laws 1885, c. 167, "to establish and maintain, in the city of Concord or elsewhere in New Hampshire, a school for the education of girls" and are authorized "for that purpose" to acquire and hold real and personal estate to an amount not exceeding $200,000 and to "erect suitable buildings." It is found that the plaintiffs are a corporation organized for and devoted to educational purposes and it is conceded they are not within the exceptions of the exempting statute. They are not organized for profit and their property is less than $150,000 in value. If they are occupying the land or any part of it for the purposes for which they are incorporated within the meaning of the statute, the tax upon so much of the land as is so occupied is wrongly assessed. The land in question has been acquired to carry out the purposes of the incorporation and would seem to be within the terms of the act if the words are given their ordinary significance unless it appears that the land is actually occupied by some other than the plaintiffs, their officers or their students. It does not clearly appear whether the house rented by Mr. Webster is included within the assessment or not. If it is, it is properly taxed because it is occupied by Mr. Webster or his tenant. As to the rest of the

land so far as such unimproved land is capable of being occupied it appears to be occupied by the plaintiffs. They have cultivated it and taken the crops for the use of the school, and are holding the property for the purpose of erecting a school building. The obtaining of land upon which to erect a building is one of the purposes of the incorporation. Having obtained it, it is equally within the corporate power (*i. e.* purposes) to hold the land until the building can be erected. There is no suggestion that the plaintiffs are not proceeding in good faith or that their procedure is in any respect unreasonable.

So much of the assessment as does not cover the rented house should be abated.

*Case discharged.*

All concurred.