Merrimack
No. 7552

CHRISTIAN SCIENCE PLEASANT VIEW HOME

v.

CITY OF CONCORD

March 31, 1977

*Upton, Sanders & Smith,* of Concord (*Mr. Richard F. Upton* orally) for the plaintiff.

*Paul F. Cavanaugh,* city solicitor, by brief and orally for the city of Concord.

LAMPRON, J.    Appeal under RSA 76:17 (Supp. 1975) from the denial of a petition for abatement of taxes assessed against plaintiff for the tax year beginning April 1, 1975. Plaintiff claimed its real estate located at 233 Pleasant Street in Concord, also known as the Pleasant View Home for the Aged, to be wholly tax exempt. After plaintiff filed an application for abatement of taxes, the Concord Board of Assessors reduced the assessed valuation of this property, but denied plaintiff's claim that the property is exempt from taxation. Plaintiff's claim for exemption is made under the provisions of Laws 1925, ch. 305, a special act which exempts from taxation "all property of the Christian Science Pleasant View Home." The parties filed an agreed statement of facts, supplemented by three exhibits. The Superior Court (*Keller,* C.J.) then transferred without ruling the question whether this property of plaintiff is exempt from taxation for the tax year commencing

April 1, 1975. The plaintiff maintains that on April 1, 1975, it held or owned this property for the charitable and benevolent purposes for which it was incorporated and is exempt from taxation. The city claims that on that date plaintiff was holding the property for sale and not for the above purposes and was taxable. We hold that the property was exempt from taxation.

Plaintiff is a New Hampshire nonprofit charitable corporation established by articles of agreement recorded January 15, 1925. According to the articles of agreement, the purposes for which plaintiff was established are: "To acquire and maintain a home or homes for the care and support of worthy, elderly persons of both sexes who are unable to provide suitably for themselves;" and "[t]o acquire, hold and convey real estate and to do such other things as may be necessary, useful or convenient to carry out the foregoing purpose, provided the same be not inconsistent with nor contrary to law."

Since 1925 plaintiff has owned the property located at 233 Pleasant Street which it has operated as a home for needy, elderly Christian Scientists. This property consists of approximately 76 acres of land, on which are the main structure, a three-story brick home, plus a wooden frame residence for the caretaker and gardener.

In late 1974 plaintiff decided to phase out the operation of the Pleasant Street home, as it was being operated at substantially less than full capacity. By January 31, 1975, all permanent elderly residents had been transferred to other Christian Science homes where they continue to receive like care from plaintiff. By March 8, 1975, all furniture and furnishings had been sold and removed. On March 14, 1975, the property was listed for sale. From that date until the eventual sale of the property to the State of New Hampshire on August 26, 1975, one security guard continued in permanent residence on the premises. Five other persons, employed by plaintiff, also performed security functions on the property on a twenty-four-hour-per-day basis. This was the status of the property on April 1, 1975. The city assessed the property for $1,830,410.00, which after the filing of plaintiff's petition for an abatement was reduced by the board of assessors to $1,160,000.

It was plaintiff's intention to reinvest the net proceeds of the sale for use for corporate purposes. Upon sale of the property, plaintiff did in fact invest the net proceeds of the sale, and used the income therefrom for corporate purposes as are set forth in

plaintiff's articles of agreement. Such was the situation at least through March 31, 1976, the end of the tax year in question.

In 1925 the legislature enacted chapter 296 which provided that plaintiff might "receive, acquire and hold real and personal estate for the purposes for which it is incorporated without restriction upon the amount or value thereof." The purpose of this act was to enable plaintiff to hold property valued in excess of $500,000, the limit otherwise imposed by P.S. 147:8 on voluntary corporations.

Eight days later the legislature enacted chapter 305, the act "to exempt from taxation all property of the Christian Science Pleasant View Home of Concord." In pertinent part this act provides: "WHEREAS the estate, real and personal of the said The Christian Science Pleasant View Home is to be devoted to benevolent and charitable uses; . . . [a]ll real and personal estate now held or hereafter acquired by the said The Christian Science Pleasant View Home, for benevolent and charitable purposes shall be exempt from taxation as long as held for such purposes." Laws 1925, ch. 305. In accordance with this act, the city of Concord had not taxed plaintiff's property on Pleasant Street until 1975.

In the preamble of this special act it is stated that "the estate, real and personal of [plaintiff] is to be devoted to benevolent and charitable uses." The act then exempts from taxation "[a]ll real and personal estate now held or hereafter acquired by [plaintiff] for benevolent and charitable purposes." From this language it appears that the legislature intended to exempt property which plaintiff "owned" for its "benevolent and charitable purposes." This criterion for exemption is much more liberal than the "owned . . . used and occupied directly" for its established purposes test mandated by RSA 72:23 V. *See Appalachian Mountain Club v. Meredith,* 103 N.H. 5, 12–13, 163 A.2d 808, 813–14 (1960); *St. Paul's School v. Concord,* 117 N.H. 243, 372 A.2d 269 (1977). Nor was the plaintiff subjected to the $150,000 limit of exemption imposed on charitable institutions by Laws 1913, ch. 115 as the legislature placed no limit on plaintiff's exemption. Laws 1925, ch. 305. Furthermore Laws 1957, ch. 202, amending RSA 72:23 provided that: "Nothing herein contained shall repeal any exemption granted by special act and existing on the effective date [April 1, 1958] of this act." Laws 1957, 202:5.

We hold therefore that in enacting Laws 1925, ch. 305 providing that: "All real and personal estate now held or hereafter acquired

by the said The Christian Science Pleasant View Home, for benevolent and charitable purposes shall be exempt from taxation as long as held for such purposes" the legislature intended to exempt all real and personal property of the Home owned and devoted to those purposes. This would include selling its property devoted to its benevolent and charitable purposes so long as the proceeds were held and devoted to the same purposes. *See Appalachian Mountain Club v. Meredith,* 103 N.H. 5, 12, 163 A.2d 808, 813 (1960); *Hedding &c. Association v. Epping,* 88 N.H. 321, 323–24, 189 A. 347, 349–50 (1937); *St. Mary's School v. Concord,* 80 N.H. 436, 118 A. 608 (1922).

According to the agreed statement of facts, plaintiff's reinvestment of the proceeds from the sale of its property, and plaintiff's use of the income therefrom to provide the former residents with like care in other homes, were for the corporate purposes set forth in its articles of agreement. Plaintiff considers the funds from the sale to be impressed with an implied trust for the charitable and benevolent purposes set forth in its articles of agreement. *See Portsmouth Hosp. v. Attorney Gen.,* 104 N.H. 51, 178 A.2d 516 (1962).

Plaintiff placed its property on the market less than six weeks after the last permanent residents had been transferred to other Christian Science homes. The property was sold less than six months after it had been put on the market, and the proceeds were immediately invested and used for plaintiff's benevolent and charitable purposes. Plaintiff's situation is therefore unlike that in *Babcock v. Morse Home for Infirm Hebrews,* 225 Mass. 418, 114 N.E. 712 (1917), relied on by the defendant, where the property had not been operated for the Home's benevolent and charitable purposes for 2 or 3 years and was still held by the defendant. Nor is it similar to that in *Society of Cincinnati v. Exeter,* 92 N.H. 348, 351, 31 A.2d 52, 54 (1943), where the building sought to be exempted would probably remain "indefinitely idle" as far as the plaintiff's purposes were concerned. Plaintiff's situation is more akin to that in *St. Mary's School v. Concord,* 80 N.H. 436, 439, 118 A. 608, 609 (1922), where the land exempted had been purchased to build a school for its purposes and there was "no suggestion that the plaintiffs are not proceeding in good faith or that their procedure is in any respect unreasonable."

Our answer to the transferred question, "whether the real estate in question is exempt from taxation for the year 1975," is "Yes."

*Remanded.*

GRIMES, J., did not sit; the others concurred.