## CALVIN ET AL. v. SPRINGER, ADMINISTRATOR.

[No. 4,029.   Filed February 27, 1902.]

WILLS.—*Construction.*—*Descent and Distribution.*—Testatrix gave certain property to her daughter and directed that in case the daughter died without issue, or before arriving at twenty-one years of age the estate should be equally divided between testatrix's mother and two sisters. The daughter died without issue at sixteen years of age, and one of the sisters died after testatrix, but before the death of the daughter. *Held,* the interest of the daughter was not absolute, but a conditional or determinable bequest, subject to be devested by the death of devisee, and that the sister, being alive at the death of testatrix, took under said will a contingent bequest or executory devise, which was a vested interest, transmissible from her to her legal heirs.

From Johnson Circuit Court; *W. J. Buckingham,* Judge.

Action by John C. Springer, administrator, against San Francisco Calvin and others for the construction of a will. From the judgment of the court, defendants appeal. *Affirmed.*

*W. Eldridge* and *E. F. Barker,* for appellants.
*E. F. White* and *G. I. White,* for appellee.

COMSTOCK, C. J.—John C. Springer, as administrator with the will annexed of Alma M. Calvin, deceased, brought this action against the appellants, legatees under the will of said decedent, and heirs at law, for the construction of the will of said testator. Omitting the items one, two, four, and five, which are not material for consideration, the will is as follows: "Item 3. I give and devise all the residue of my estate to my daughter, Bertha Calvin, except the articles hereinafter mentioned. * * * Item 6. It is my will, and I also direct, that in case my daughter dies before she arrives at the age of twenty-one years, or dies without issue, that my estate be equally divided between my mother and two sisters; one-third to my mother, Lucinda McCaslin; one-third to my sister Alma McCaslin; and one-third to my sister Carrie McCaslin. Item 7. I do hereby nominate and appoint my uncle, John C. Springer, guardian of my daughter, Bertha Calvin, until she arrives at the age of twenty-one years, or until she intermarries. Item 8. I do hereby nominate and appoint my uncle, John C. Springer, executor of this my last will and testament, hereby empowering him to adjust, release, and discharge in such manner as he may deem proper the debts and claims due me. I also authorize him, if it becomes necessary in order to pay my debts, to sell at private sale all or any part of my personal property. It is also my will that my executor give no bond for the execution of this my last will and testament."

The testatrix died in December, 1886. At the time of

her death all of the legatees mentioned in the will were liv-
ing. Alma McCaslin, mentioned in item six, died after the
death of the testatrix, leaving surviving her the said Bertha
Calvin mentioned in item three.   John Springer, men-
tioned in item eight, duly qualified as executor, also as guard-
ian.   As such executor, Springer, after paying the claims
against said estate, made his final report, and in September,
1887, was discharged as to said trust.   At the settlement of
said trust there remained in his hands $666.76, which
Springer continued to hold and manage as guardian of said
Bertha, under the provisions of items three and six of said
will, until she died, without issue, at the age of 16 years.
He was thereupon appointed as administrator with the will
annexed of said testatrix, and as such administrator brought
this action.

The trial court held:   (1) The interest of Bertha Calvin
was a conditional or determinable bequest, subject to be
devested provided said Bertha Calvin should die before she
arrived at the age of twenty-one years; that said Bertha de-
parted this life under the age of twenty-one years.   (2)
That the interest of Alma McCaslin was a contingent be-
quest or executory devise, which was and is such a vested
interest transmissible from her to her legal representative,
and that the said Alma McCaslin having died subsequent to
the death of the testatrix, the one-third of said amount
passes to the legal heirs of Alma McCaslin; that said
amount now in the hands of the administrator ought to be
distributed as follows:   After payment of expenses of ad-
ministration of the sum then remaining in his hands, he
should pay one-third to Lucinda McCaslin; one-third to
Carrie McCaslin, now Carrie Brown; and one-third to the
heirs at law of said Alma McCaslin, deceased.

Appellant's motion for a new trial upon the ground that
the decision was contrary to law was overruled.   This ac-
tion of the court was assigned as error.   Appellant's posi-
tion is that (1) by virtue of item three of the will in ques-

tion, the daughter Bertha was given all the property of the testatrix remaining after the payment of the funeral expenses and indebtedness, except articles specifically given to other parties; that at the death of Bertha, whatever remained of said property passes by law of descent to the appellant, the father and only heir at law of Bertha. (2) By the terms of item six, Alma McCaslin was given a contingent bequest to one-third of the estate of the testatrix, and, having died prior to the happening of the contingency, no part of the said one-third of said estate vested in her, but that said one-third vested in Bertha, and at her death by inheritance passed to appellant as the father and only heir at law of said Bertha.

The primary purpose in construing a will is to ascertain the intention of the testator. Such intention of the testator must be given effect if it is not in violation of some rule of law. *Langman* v. *Marbe*, 156 Ind. 330; *Mulvane* v. *Rude*, 146 Ind. 476; *Wood* v. *Robertson*, 113 Ind. 323; 4 Kent's Com. (14th ed.) 534. In ascertaining such intention effect must be given to every part of the will, if possible. *Moore* v. *Gary*, 149 Ind. 51; *Nading* v. *Elliott*, 137 Ind. 261; *Ewbank* v. *Smiley*, 130 Ind. 393; *Kilgore* v. *Kilgore*, 127 Ind. 276; Beach on Wills, p. 517; 4 Kent's Com., *supra*.

Considering the whole will, it is clear the trial court reached the right conclusion. We do not overlook the rule that where an estate in fee simple is devised in one clause it can not be cut down by a subsequent clause, or by any subsequent words which are not as clear as those giving the estate. Underhill on Law of Wills, §§358, 682. But where the subsequent provisions distinctly show an intention to give an estate less than a fee simple, such intention must control. *O'Boyle* v. *Thomas*, 116 Ind. 243; *Ross* v. *Ross*, 135 Ind. 367; *Mulvane* v. *Rude*, *supra*; *Rogers* v. *Winklespleck*, 143 Ind. 373; *Fenstermaker* v. *Holman*, 158 Ind. —.

In the case before us it is clear that it was not the intention of the testatrix that all the residue of her estate should

go to her daughter, Bertha, absolutely, for in the sixth item it is distinctly provided that in the event of the death of said Bertha before she reached the age of twenty-one years, or of her death without issue, the estate should be divided between other persons named in said will. The bequest to Bertha was determinable, subject to be defeated by her death before she reached the age of twenty-one years; the time, to wit, before attaining the age of twenty-one years, was definite and certain.

As to appellant's second proposition, that by the death of Alma McCaslin prior to the death of Bertha Calvin no part of said estate vested in Alma, and that by inheritance it passed to appellant as father and only heir at law of Bertha, we are of the opinion that Alma McCaslin being alive at the time of the death of the testatrix took under said will a contingent bequest or executory devise, which was a vested interest, transmissible, as held by the trial court. 2 Redfield on Wills, p. 245, §51; 1 Redfield on Wills §§16, 17, 18, p. *388; *Barnitz* v. *Casey*, 7 Cranch 456, 3 L. Ed. 403. Authorities cited by appellant are not inconsistent with this opinion.

Judgment affirmed.