## WHITMAN *v.* WHITMAN ET AL.

[No. 6,190. Filed January 28, 1908.]

1. DESCENT AND DISTRIBUTION.—*Payment of Debts.*—*Wills.*—Legatees are not entitled to their legacies until the testator's debts are paid. p. 100.
2. WILLS.—*Legacies.*—*Charge to Pay Debts.*—*Creditors' Rights.*—Testators have the right to charge the payment of their debts upon certain legatees; but charges to pay so made do not affect the rights of the creditors to be paid. p. 101.
3. SAME.—*Legacies.*—*Charges to Pay Debts.*—A will bequeathing to testator's wife one-third of the testator's property as soon as it can be converted by the executor into money, one-third to testator's nephew "after the payment of [testator's] debts," and one-third to certain other designated persons "after the payment of [testator's] debts," gives to the widow one-third of the gross amount of such estate, and to the other legatees the remaining two-thirds subject to the payment of all of testator's debts. p. 101.

From Vigo Circuit Court; *James E. Piety,* Judge.

Suit by Louisa Whitman against John T. Whitman and others. From a decree for defendants, plaintiff appeals. *Reversed.*

*Lamb, Beasley & Sawyer* and *Douthitt & Haddon,* for appellant.

*W. R. Nesbit* and *A. G. McNabb,* for appellees.

Roby, C. J.—This is a suit to quiet title. Its determination depends upon the meaning of the provisions of the last will of Jephthah Whitman.

His widow elected to take under the will, item one of which provides for the payment of debts and expenses as soon after the testator's death "as practicable." In item two the executor is directed to sell all property, both real and personal, and reduce the same to money as soon after the testator's death "as practicable."

Items three, four and five are as follows: .

"Item 3. I give, devise and bequeath to my wife, Louisa Whitman, one-third of all my estate to be paid to her by my executor as soon as my estate has been reduced to money as provided in item two of this will.

Item 4. I give, devise and bequeath to my nephew, John T. Whitman, one-third of all my estate after the payment of any debts as provided in item one of this will.

Item 5. After the payment of my debts as provided in item one of this will, I give, devise and bequeath to the children of my deceased brother Moses Whitman to wit [naming them], and the brothers and sisters of my former wife, etc. [naming them], the remaining one-third of my estate, share and share alike."

By these provisions one-third of the estate was given to the wife, one-third to the nephew and one-third to the persons indicated in item five. The language used in each item is the same, "one-third of all my estate." The scheme of distribution is thus perfectly plain. Item one directs that debts and expenses be paid. This accords with the requirements of the law. Until debts and expenses are paid there is nothing for distribution. No question af-·

fecting the creditors' rights to recover what may be due them is involved in the present inquiry. The controversy is between legatees. It was entirely competent for the 2. testator to charge either legacy with the payment of debts, or to exonerate either legatee therefrom; but such provision could not affect the rights of creditors to be paid.

The question for decision is, did the testator intend to give to his wife one-third of his estate free from debts and expenses? or, otherwise stated, did he intend that 3. the two-thirds disposed of in items four and five should be subject to the payment of the entire indebtedness? The matter of indebtedness and its payment was in mind. He first directs its payment. The subsequent disposition of "one-third of my estate" three times, in the absence of anything else, would give to the beneficiaries equal interests equally lessened in amount by the payment of the total indebtedness. But it is expressly directed that the one-third given to the wife shall be paid to her "as soon as my estate has been reduced to money." No reference is here made to the payment of any debt. The money is to be paid to her as soon as it is received by the executor. The item, by its positive direction for immediate payment, indicates an intention to secure to the widow the immediate enjoyment of one-third of the estate, unaffected by the amount necessary to pay debts. It makes no reference to the payment of debts. This omission is significant of an intention to relieve her from the burden thereof, when taken in connection with the clear and express declaration relative thereto, made in both items four and five. "after the payment of my debts." Those who take under those clauses take what may remain of the two-thirds of the estate after the payment of debts, not what remains after the payment .f a proportionate share of the debts, but after the payment of them all. The intention thus deduced from the four corners of the instrument accords with what might be expected

from a right-minded man situated as the testator was, and accords with the policy relative to widows, as expressed by the statute. The bequests made in items four and five are to collateral kindred; that in item three, to the wife. It would be very natural that the husband should wish the wife to have the immediate use and possession of a full one-third of his entire estate, leaving the payment of debts for subsequent adjustment before distribution to those to whom the remainder of the estate was given. A different construction can only be made by ignoring terms and words which are written in the will, and for ignoring which no warrant exists. ·

The judgment is therefore reversed, and the cause remanded, with directions to overrule the demurrer to the complaint.