Rockingham,
June 28, 1934.

### The Trustees of the New Hampshire Conference of the Methodist Episcopal Church

*v.*

### Sandown.

*Foster & Lake*, by brief, for the plaintiff.

*George R. Scammon*, by brief, for the defendant.

ALLEN, J.   The statute (P. L., *c*. 60, *s*. 22) exempts from taxation the real estate of charitable and religious societies "owned and occupied by them, their officers, or their students for the purposes for

which they are established," "provided none of the income or profits of the business" conducted by them "is used or appropriated for other than" their purposes.

The defendant contends that the statute is inapplicable for three reasons. One is that the bequest of the endowment fund for repairs and taxes as needed in the maintenance of the property shows an intent that the property should remain taxable. Such a construction is not sensible. The possible need of the income of the fund for taxes does not make the taxes a need called for by the bequest. It is as arguable that repairs are needed because there is a fund for their payment. The fund is security for payment of taxes chargeable against the property, but the bequest shows no purpose that the property should be taxable. An indirect benefit to the town or its taxpayers by payment of a tax from which the owner might by law be exempt was not in mind. The legacy is a protection for the property to meet possible charges against it, but it does not seek or require them. And the provision of the will for the use of the fund for repairs and taxes by one of the life tenants during his occupancy of the property is of no force to signify any intent that the property should be taxable after the plaintiff came into possession.

The position that the property is not used by the plaintiff for a purpose entitling it to the exemption is not well taken. As the reported facts are understood, the plaintiff is devoting the property to one of its charitable purposes. A retired clergyman of its faith lives there as a superannuate. The property is thus in use as a home for an eligible person. The character of the use in such manner is not defeated either by the limitation of occupancy at a given time to one beneficiary or by his occupancy without the plaintiff's immediate superintendence and charge of the occupancy. Living there, the beneficiary has his home there within the plaintiff's purposes of benevolence. The property is occupied as a home for superannuates. The beneficiary is not a tenant in any sense which makes his occupancy one of use not within direct devotion to one of the plaintiff's charities.

In *St. Mary's School* v. *Concord*, 80 N. H. 436, land bought as a site for a school building later to be erected on it, the crops therefrom meanwhile being applied to the use of the owner's school then elsewhere maintained, was held to be occupied for educational purposes, and the owner was thereby entitled to exemption from tax. The case goes beyond the one at bar in construing the statute to give the owner its benefit.

The property is used as a "Superannuates Home" within the contemplation of the will. Direct management by the plaintiff of the property as a home housing continuously more than one superannuate is not a term of the devise. And so long as the property is kept for the purposes for which it was left, its actual use therefor a substantial part of the time meets the will's requirements. So far as the question is here involved, the owner is in observance of its trusteeship imposed by the will.

*Abatement ordered.*

All concurred.