35 N.J. Super. 163 (1955)
113 A.2d 527
IN THE MATTER OF THE ESTATE OF CARL GARDNER, DECEASED.
Superior Court of New Jersey, Appellate Division.
Argued March 28, 1955.
Decided April 22, 1955.
*164 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Worrall F. Mountain, Jr., argued the cause for the defendant-appellant (Mr. Oscar F. Laurie, attorney).
Mr. Bertram Polow argued the cause for the defendant-respondent, pro se, as guardian ad litem for Carol Gardner and Mary Emily Gardner.
*165 The opinion of the court was delivered by FREUND, J.A.D.
Eileen G. Gardner, widow of Carl Gardner, appeals from a judgment of the Morris County Court entered on the first and final account of the Morristown Trust Company, executor and trustee under the will of the decedent. The trial court directed that the widow should be paid one-half of the estate remaining after the payment of debts, funeral expenses, inheritance and estate taxes, administration expenses, counsel fees and the specific bequests provided for in Article Third of the will. The question for determination is whether this distribution conforms with a proper construction of the decedent's will. The appellant argues that taxes, administration and counsel fees should not have been charged against the estate before her one-half interest, while the respondent guardian ad litem of two minor nieces of the decedent, the beneficiaries of a residuary trust, urges affirmance.
Under Article Second of the will the testator directed that his debts and funeral expenses be paid. By the Third Article he gave his wife all his personal belongings. By Article Fourth, he gave to his wife "one-half of my entire estate, be it real, personal or mixed * * *."
By the terms of the Fifth Article, the decedent gave "all the rest, residue and remainder of my estate" to his trustee directing that the net income be paid to his wife for life and upon her death to be distributed among his named nephew and nieces.
The Sixth Article directs "that any and all inheritance, estate, transfer, succession and legacy tax levied by the United States of America and by any state * * * upon or with respect to my estate, or any part thereof, shall be borne by and paid from the corpus of my residuary estate."
The Seventh Article is a common disaster clause; but not in usual form. As a matter of fact, it is a "reverse" common disaster clause, in that it provides that in such event the wife shall be assumed to have survived the husband.
Under the Eighth Article, the testator specifically authorized his executor and trustee in its discretion to use any part *166 of the balance of the principal to properly care for his wife in case of emergency or illness if the net income of the estate should be insufficient.
From a reading of the entire will, the testator's intention is crystal clear  his main concern was for his wife. Accordingly, after payment of debts and funeral expenses and the specific bequest of his personal effects, he divided the remainder of his estate into two halves: one, he gave to his wife without diminution and free from the burden of any taxes; the other, he set up as a trust and expressly designated it as the source from which all estate and inheritance taxes should be paid.
The parties agree that the wife is entitled to the specific legacy apart from her one-half interest in the entire estate. We, too, agree, because where a specific legacy is followed by a gift of a fraction of the entire estate, the reference to the entire estate pertains only to the property remaining after the specific legacy has been paid, In re Donner's Case, 65 N.J. Eq. 691 (Prerog. 1903); 5 N.J. Practice (Clapp, Wills and Administration), § 157, p. 364; 4 Page on Wills (3d ed.), § 1393, p. 108. Federal estate taxes are paid from the residuary estate, Turner v. Cole, 118 N.J. Eq. 497 (E. & A. 1935), and state inheritance taxes by a legatee, N.J.S.A. 54:34-1, unless the will directs another source, Bankers Trust Co. v. Hess, 2 N.J. Super. 308 (Ch. Div. 1949). Here, the intention of the testator was that both federal estate and state inheritance taxes be paid from his residuary estate bequeathed in trust by the Fifth Article of the will. This is made clear by Article Sixth and by the testator's apparent intention to enable his wife to obtain the maximum portion of his estate without tax inroads. The testator planned to take full advantage of the marital deduction provision of the Federal Estate Tax, 26 U.S.C.A. § 812(e)(1); Treasury Regulations, Reg. 105, § 81.47a(a), and followed the pattern suggested by estate planners:
"* * * if the designated amount is to be fully deductible, the tax burdens must be placed on the non-marital deduction gifts. This result can be accomplished by a provision, in an instrument disposing *167 of non-marital deduction property, which places all tax burdens upon such property. If the dispositions made by the husband of his residuary estate do not set up any marital deduction gifts, all marital deduction gifts can be relieved from contributing to the payment of the estate and inheritance taxes by a provision in the husband's will which directs that all such taxes shall be paid out of his residuary estate." Casner, Estate Planning (1953), pp. 294-5.
To the same effect, see Tweed and Parsons, Lifetime and Testamentary Estate Planning (1951), p. 44.
The trial court by directing that these items be paid before the bequest to the widow under Article Fourth placed the beneficiaries on a parity; this was not the intention of the decedent, and, in this respect, the judgment was erroneous.
The will makes no express provision for the payment of counsel fees or administration expenses. Ordinarily, such charges are borne by the residuary estate after the payment of specific bequests and legacies. Swetland v. Swetland, 100 N.J. Eq. 196 (Ch. 1926), affirmed 102 N.J. Eq. 294 (E. & A. 1927); 7 N.J. Practice (Clapp, Wills and Administration), § 965, p. 556. However, where as here, there is a fractional bequest, in the absence of stipulation to the contrary, administration expenses and counsel fees are borne by the entire estate. Smith v. Terry, 43 N.J. Eq. 659 (E. & A. 1887); 5 N.J. Practice (Clapp, Wills and Administration), § 136, p. 322; Annotation, 169 A.L.R. 903. Accordingly, in the instant case, such charges are to be borne equally by the widow and the residuary estate.
The judgment of the trial court is reversed insofar as it provided that federal estate and state inheritance taxes be paid from the entire estate before payment to the widow under Article Fourth. All other expenses, including costs of printing and a counsel fee of $350 to the respondent on this appeal should be paid out of the entire estate before payment of the bequests provided for by Articles Fourth and Fifth.