STONER *v.* CUSTER, EXTR. ETC., ET AL.

[No. 20,736. Filed December 30, 1968. Rehearing denied March 18, 1969. Transfer granted October 22, 1969.]

*William F. McNagny, J. A. Bruggeman, Barrett, Barrett & McNagny,* Fort Wayne, for appellant.

*Gilmore S. Haynie, Milford M. Miller, Jr., Livingston, Dildine, Haynie & Yoder,* Fort Wayne, for appellees.

CARSON, C. J.—This case comes to us from the Circuit Court of Adams County. The Executor of the Will of Herbert Stoner filed a Petition to Settle and Allow the Account and To Construe the Will, to determine who should bear the burden of paying the gift tax owed by the decedent at his death and whether the widow was entitled to the one-third (1/3) interest in all of the decedent's property bequeathed to her in Item III of the will or one-third (1/3) of what remained after payment of certain debts and expenses.

To the petition filed by the Executor, the appellant filed objection claiming that the fee and expenses charged by the Executor and his attorney were excessive and appellant further set up in her answer that a proper construction of the will would require the Executor to pay the gift taxes debt of the decedent, or a transfer tax under Item II of the will and that the bequest to her in Item III should be construed as giving her one-third (1/3) of the gross estate.

The court overruled the objection to the Executor's partial account and confirmed it as a final account and held that the bequest above set out was to be reduced by the decedent's

debts and expenses of administration and further reduced by charging the appellant with decedent's unpaid gift tax insofar as it exceeded her marital deduction and entered judgment accordingly.

The appellant filed a motion for a new trial which reads as follows:

"Comes now Helen N. Stoner and moves the Court for a new trial herein on the issue joined in the above entitled matter by her answer to the petition to construe will and to determine heirship on each of the following grounds.
"1. The decision of the court is not sustained by sufficient evidence.

"2. The decision of the court is contrary to law.

"3. Each of the findings of fact, Nos. 8, 10, and 11 is contrary to law and is not sustained by sufficient evidence.

"4. The court erred in each of its conclusions of law, Nos. 2, 3, 4, and 8.

"And, on the issue joined on her objection to the account on each of the following grounds.

"1. The decision of the court is not sustained by sufficient evidence.

"2. The decision of the court is contrary to law.

"3. Finding of fact No. 4 is contrary to law and is not sustained by sufficient evidence.

"4. The Court erred in its conclusion of law No. 1.

"WHEREFORE, Helen N. Stoner prays for a new trial in each of said issues."

The court overruled the motion for a new trial and it is to this ruling that the appellant made the assignment of errors:

"The Appellant avers that there is manifest error in the judgment and proceedings on this case, which is prejudicial to Appellant, in this:

"1. The court erred in overruling Appellant's Motion For a New Trial.

"2. The court erred in overruling each of specifications 1, 2, 3 and 4 of Appellant's Motion For a New Trial on the issues joined by her Answer to the Petition to Construe Will and To Determine Heirship.

"3. The court erred in overruling each of specifications 1, 2, 3 and 4 of Appellant's Motion For a New Trial on the issues joined on her Objection to the Account."

In the argument portion of the appellant's brief, she presents the propositions sustaining the assignment of error in three separate sections.

In order for us to present the problems raised by the appellant's position, and that of the appellees, with reference to construction of the will, it is necessay that we set out certain Items of the Will in full:

## ITEM TWO

"I hereby authorize and direct my Executor hereinafter named to pay all my just debts, the expenses of my last sickness and funeral and all other just debts and charges against my estate. I further direct my Executor to pay all inheritance, transfer and estate taxes which may be charged against my estate or against any legatee or devisee herein named by reason of any legacy or devise herein given, and I specifically direct said Executor that all such inheritance, transfer and estate taxes shall be paid out of the principal of my estate and I hereby waive on behalf of my estate any right to recover from any person any part of such taxes so paid. No legacy or devise in this instrument shall be diminished by the amount of any such taxes assessed as a result of my death and such legacy or devise, but any such taxes shall be paid by my Executor from the residue of my estate."

## ITEM THREE

"Subject to the provisions of Item 2 hereof, I do give and bequeath to my wife, Helen Niblick Stoner, if she shall survive me, the sum of one thousand dollars ($1,000.00) in cash.

"Further, I do hereby give, devise and bequeath to my wife, Helen Niblick Stoner, if she shall survive me, all my jewelry of any description and any automobile which I may own at the time of my death.

"Further, I do hereby give, devise and bequeath to my wife, Helen Niblick Stoner, if she shall survive me, the one-third (1/3) interest in all the rest of my property which includes all of my real property, personal property and/or mixed including but not limited to my stocks, bonds, money, mortgages, notes and bank accounts.

"It is my intention by this item to give and devise to my wife, Helen Niblick Stoner, the sum of one thousand dollars ($1,000.00) in cash, my jewelry and automobile, and in addition thereto, one third (1/3) of my personal and real estate. In the event my wife, Helen Niblick Stoner, shall not survive me, then the bequests and devises made to her in this Item shall fail and all property herein given, devised and bequeathed to my said wife, Helen Niblick Stoner, shall fall into and be distributed as a part of my residuary estate."

### ITEM SEVEN

"Subject to the provisions of Items 1 to 6 hereof consecutive and inclusive, I do hereby bequeath the following amounts to the following named persons if said persons shall survive me and be then over the age of twenty one (21) years:" (Herein, the Testator set out certain specific bequests.)

Item Eight was subject to the provisions of Items One to Seven, consecutive and inclusive; Item Nine was subject to the provisions of Items One to Eight consecutive and inclusive; Item Ten was subject to the provisions of Items One to Nine, consecutive and inclusive. This Item contained specific bequests to the First Methodist Church of Decatur, Indiana, and to the Trustees of the Chicago Temple. Item Eleven was used to devise the residue of the estate and was made subject to the provisions of Items One to Ten consecutive and inclusive.

In construing a will, the Supreme Court of Indiana, in the case of *Brown v. Union Trust Co.* (1951), **229 Ind. 404, 98 N. E. 2d 901**, at page 411, said:

"If the words used in a will are not ambiguous and clearly express the intention of the testator, they must govern. That which is plain and manifest needs no interpreta-

tion. *Ross v. Clore* (1948), 225 Ind. 597, 599, 76 N. E. 2d 839; *Jenkins v. King* (1946), 224 Ind. 164, 701, 171, 174, 65 N. E. 2d 121. A will expressed in clear and precise terms, manifesting the testator's intention and leading to nothing absurd, presents no reason for refusing the intention which it naturally presents to the mind. *Coon. v. Coon* (1918), 187 Ind. 478, 484, 118 N. E. 820. See *Garrigus v. Board of Commissioners of Parke Co.* (1872), 39 Ind. 66, 70.

In the case of *Curry v. Curry* (1914), 58 Ind. App. 567, 105 N. E. 951, at page 576, this court said:

"The intent of the testator is recognized by all the authorities as being the polar star to which the courts must always look in construing a will. *Laisure v. Richards Bushong* (1903), 161 Ind. 533, 537, 69 N. E. 291, 100 Am. St. 287, 63 L. R. A. 593; *Fenstermaker v. Holman, supra; Moore v. Gary* (1897), 149 Ind. 51, 57, 48 N. E. 630; *Calvin v. Springer* (1902), 28 Ind. App. 443, 446, 63 N. E. 40; *Smith v. Meiser, supra.* In ascertaining this intent, the court should consider the will in its entirety and if possible give effect to every item and word thereof."

See Also: *Fenstermaker v. Holman* (1901), 158 Ind. 71, 74, 62 N. E. 699; *Skinner v. Spann* (1911), 175 Ind. 672, 684, 93 N. E. 1061, 95 N. E. 243; *Garrison v. Day* (1905), 36 Ind. App. 543, 548, 76 N. E. 188; *Heasman v. Pearse* (1871), 7 L. R. Ch. 275, 283; Gray, Rule against Perpetuities (3d ed.) §§ 629, 630, 631, 633; *Ridgeway v. Lanphear* (1885), 99 Ind. 251, 257.

Applying the above rules, we think that the intent of the Testator is clear and unambiguous. The will, in our judgment, bequeaths a one-third (1/3) of the gross estate to the appellant and the subsequent bequests down to the residuary bequests under Item 11, are each subservient to the bequests preceeding them and to all other debts of the decedent, taxes of whatever nature and other expenses, including administration expenses provided for in Item 2, to be paid out of the residuary estate. If the residuary estate

is not adequate to pay such obligations, then the specific bequests shall abate in the inverse order as they are set out in the will, pursuant to the provisions of Acts 1953, ch. 112, § 1703, p. 295, being Burns' Stat. Ann. (1953 Repl.) § 7-1103, p. 345.

The trial court is directed to revise his findings in conformity with this opinion and state a consistent judgment thereon.

In connection with the assignment by the appellant attacking the fees and expenses claimed by the Executor in his accounting, we affirm the findings and judgment of the trial court and direct attention to the language of this court in the case of *Lyons et al. v. Greene, Administrator, etc.* (1964), 136 Ind. App. 419, 202 N. E. 2d 172, at page 425, wherein we said:

" 'The personal representative, when no compensation is provided in the will, or when he renounces all claim to the compensation provided in the will, shall be allowed such compensation for his services as the court shall deem just and reasonable.'

"We have previously held that we will not disturb the decision of the lower court approving fees for the executor and its attorneys where the evidence does not substantiate the charge of maladministration nor disclose that the fees were excessive or unreasonable. *Pohlmeyer v. Second Nat. Bank of Richmond, supra.* No evidence was offered by appellant as to the value of the administrator's services nor substantiating appellant's charge of maladministration on the part of the appellee."

The judgment of the trial court, approving the accounting of the Executor with respect to fees, out-of-pocket expenses and administration expenses is affirmed.

Judgment reversed in part and affirmed in part.

Cooper, Faulconer and Prime, JJ, concur.

NOTE.—Reported in 242 N. E. 2d 651.