STONER *v.* CUSTER, EXECUTOR ESTATE OF HERBERT H. STONER, ET AL.

[No. 1069S242. Filed December 30, 1968. Rehearing denied March 18, 1969. Transfer to Supreme Court granted October 22, 1969. Rehearing denied December 8, 1969.]

*William F. McNagny, J. A. Bruggeman, Barrett, Barrett & McNagny, Adair, Perry, Beers, McAlister & Mallers,* all of Fort Wayne, for appellant.

*Gilmore S. Haynie, Philip L. Carson, Milford M. Miller, Jr., Livingston, Dildine, Haynie & Yoder,* all of Fort Wayne, for appellees.

ARTERBURN, J.—This case comes to us on a petition to transfer from the Appellate Court of Indiana. The Appellate Court opinion appears at 242 N. E. 2d 651.

The executor of the estate of Herbert H. Stoner, the decedent, filed a petition in the Circuit Court of Adams County on October 24, 1966. The part of the petition that is pertinent here sought the trial court's assistance in construing the will

of Herbert H. Stoner. More particularly, the petition sought to determine whether the widow was entitled to one-third (1/3) of decedent's gross estate or one-third (1/3) of decedent's net estate.

The trial court determined that the widow was entitled to one-third (1/3) of the net estate and entered the following decree:

"8. The Court finds that a proper construction of the Last Will and Testament of the Decedent herein, and the intent of the Testator therein is that the widow, Helen Niblick Stoner, by virtue of Item Three of said Last Will and Testament shall take the automobile and jewelry of the Decedent, one thousand dollars ($1,000.00) and one-third (1/3) of his Net Estate, that is, his automobile, jewelry, one thousand dollars ($1,000.00) and one-third (1/3) of all of the rest of his Estate, including increments and income during administration, before the payment of any Estate or Inheritance Taxes levied and assessed on account of any property or assets of the Decedent passing by virtue of the Decedent's Last Will and Testament, *but after and reduced by the payment of all other debts and liabilities of the Decedent and of his Estate, including but not limited to gift tax liability of the Decedent,* if any, and the costs of administration of his Estate; provided, however, that said widow is chargeable with and her share of this Estate shall be *reduced by the amount of any Estate or Inheritance Taxes levied, assessed and owing by reason and on account of property or assets passing to her by operation of law and/or by gifts from the Decedent in contemplation of death and not passing to her by virtue of the Decedent's Last Will and Testament, to the extent of the amount of any such taxes computed upon the amount of such property when added to the amount of property passing to her by virtue of the Decedent's Last Will and Testament, or otherwise exceeds the maximum allowable marital deduction* or does not qualify for the Estate Tax Marital Deduction and/or is included in the net taxable Estate for the computation of Estate or Inheritance Taxes due and owing from this Estate; that any distribution of the assets of this Estate should be made in conformity with such a construction of the Last Will and Testament of the Decedent herein." (Emphasis added.)

The appellant-widow appealed the trial court's decision to the Appellate Court which reversed the trial court. In so doing the Appellate Court held that appellant was entitled to one-third (1/3) of the gross estate. We are of the opinion that the Appellate Court erred in reversing the trial court for the reasons that follow.

In order to present the issues clearly it is necessary that we set out certain items of the will:

## "ITEM TWO

"I hereby authorize and direct my Executor hereinafter named to pay all my just debts, the expenses of my last sickness and funeral and all other just debts and charges against my estate. I further direct my Executor to pay all inheritance, transfer and estate taxes which may be charged against my estate or against any legatee or devisee herein named by reason of any legacy or devise herein given, and I specifically direct said Executor that all such inheritance, transfer and estate taxes shall be paid out of the principal of my estate and I hereby waive on behalf of my estate any right to recover from any person any part of such taxes so paid. No legacy or devise in this instrument shall be diminished by the amount of any such taxes assessed as a result of my death and such legacy or devise, but any such taxes shall be paid by my Executor from the residue of my estate.

## "ITEM THREE

"*Subject ot the provisions of Item 2 hereof,* I do give and bequeath to my wife, Helen Niblick Stoner, if she shall survive me, the sum of one thousand dollars ($1,000.00) in cash.

"Further, I do hereby give, devise and bequeath to my wife, Helen Niblick Stoner, if she shall survive me, all my jewelry of any description and any automobile which I may own at the time of my death.

"Further, I do hereby give, devise and bequeath to my wife, Helen Niblick Stoner, if she shall survive me, *the one-third (1/3) interest in all the rest of my property* which includes all of my real property, personal property and/or mixed including but not limited to my stocks, bonds, money, mortgages, notes and bank accounts.

"It is my intention by this item to give and devise to my wife, Helen Niblick Stoner, the sum of one thousand dollars ($1,000.00) in cash, my jewelry and automobile, and in addition thereto, one third (1/3) of my personal and real estate. In the event my wife, Helen Niblick Stoner, shall not survive me, then the bequest and devises made to to her in this Item shall fail and all property herein given devised and bequeathed to my said wife, Helen Niblick Stoner, shall fall into and be distributed as a part of my residuary estate. (Emphasis added)

## "ITEM SEVEN

"Subject to the provisions of Items 1 to 6 hereof consecutive and inclusive, I do hereby bequeath the following amounts to the following named persons if said persons shall survive me and be then over the age of twenty one (21) years: (Herein, certain specific bequests are set out.)

This case presents two questions for us to answer, to-wit:

(1) Is the appellant-widow to receive her bequest on the basis of the gross estate or the net estate?

(2) Once the amount of appellant's bequest is determined, is it to be further reduced by any charges against the estate?

Involved in the latter question are gifts by the testator to his wife made in contemplation of death. The facts show decedent was a man of substantial means and during the three-year period prior to his death made gifts totaling in excess of Seven Hundred Thousand Dollars ($700,000.00) to appellant, his widow. This fact should be noted for two reasons: First, the gift tax liability created by these transfers remained unpaid at testator's death and thus stood as a claim against decedent's estate. Int. Rev. Code of 1954, § 2053; Treas. Reg. § 20.2053-6(d) (1969). Secondly, the transfers were included in the decedent's estate for *tax purposes* and thus created some incidence of taxation. The appellant argues that her one-third (1/3) was a third of the gross estate, free and clear of all claims of the estate, including any estate tax created by reason of the inclusion of gifts made in contem-

plation of death in the tax calculations. The appellees, on the other hand, claim that appellant's one-third (1/3) interest is based upon the net estate after the payment of debts and further reduced by the estate tax attributable to the inclusion in the taxable estate of the gifts made in contemplation of death by the testator to the appellant.

Obviously the entire question could have been avoided in this case if, in drafting the will, the word "gross" or the word "net" had been used in connection with the bequest to the appellant. We are faced with a search for what was intended by the testator under the circumstances.

Where the meaning of a will is plain the court is limited to its interpretation within the four corners of the instrument. However, where there is an ambiguity, as in the situation before us here, the court is permitted to consider the circumstances surrounding the testator at the time of the execution of the will to determine his intent. Atkinson on Wills, 2d Ed., Ch. 15, p. 810.

The meaning of words in any instrument varies with the person using the same as well as with the time and place and other surrounding circumstances. With such principles as a guide, we are led to an interpretation that the items of this will evince a clear intent that the appellant's share is to be calculated upon the basis of the net estate. This interpretation is supported, as will appear hereafter, by the very items of the will itself, as well as the overwhelming authority of the case law.

As can be seen from the above quoted portion, item two of the testator's will provides for the payment of all debts and charges against the estate. Item three, which contains the bequests to the surviving spouse (appellant), begins with the caveat that it is subject to the provisions of item two, i.e., the payment of all debts and charges The import of this language is evident. Appellant's bequest is subject to the payment of debts and expenses and hence,

being subject to these charges, cannot be determined by refrence to the gross estate.

Further, item two provides that *taxes* assessed as a result of testator's death are to be paid from the residue of his estate. Thus, the testator was aware of the rule that, in the absence of such a provision, those who receive a share of an estate bear a tax proportionate to the share received. *Seymour National Bank v. Heideman* (1961), 133 Ind. App. 104, 178 N. E. 2d 771. Significantly, no similar provision was inserted which would have provided for the payment of *all debts* from the residue instead of from the entire corpus of the estate. The testator chose not to charge all of the debts and expenses against the residue. Item two therefore shows the testator's intent to subject the entire corpus, including appellant's share, to the debts and charges of the estate.

Further, apart from the support gleaned from the terms of the will itself, our holding that appellant is entitled to her share on the basis of the net estate, is supported by the overwhelming weight of authority. The general rule is stated at 57 Am. Jur., *Wills*, § 1191, page 781, to be:

"Where a will leaves a designated beneficiary a stipulated percentage or proportion of the testator's estate or property, the view is generally taken that, absent contrary context, deduction of the debts, expenses of administration, and the like, should be made from the testator's gross holdings in order to determine the base for computing the amount of the bequest."

See 169 A. L. R. 903 for a collection of cases supporting this view. See also: *In Re Keller's Estate* (1955), 134 Cal. App. 2d 232, 286 P. 2d 889; *In Re Gardner's Estate* (1955), 35 N. J. Super. 163, 113 A. 2d 527; *Rabalsky v. Kook* (1934), 87 N. H. 47, 173 A. 803; *Wells v. Menn* (1946), 158 Fla. 228, 28 So. 2d 881; *In Re Petroff's Estate* (1956), 5 Misc.

2d 318, 159 N. Y. S. 2d 735; *St. Louis Union Trust Co. v. Krueger* (1964; Mo. Sup.), 377 S. W. 2d 303.

Appellant argues that the will should be construed in favor of the widow. The mere citation of such abstract generality does not and should not preclude an examination of the will. The primary purpose in construing a will is to effectuate the intent of the testator and this intent is generally to be ascertained from the terms of the will. 29 I. L. E., *Wills* § 341, p. 483. We are of the opinion that the will contains ample intrinsic evidence of the testator's intent and thus reference to such an abstraction is unwarranted.

Once it has been determined how much property appellant is entitled to, it must be ascertained whether this amount is subject to reduction.

It is of great importance that a distinction be drawn between unpaid gift taxes as charges against the estate, and estate and inheritance taxes which are incurred due to the inclusion of said gifts in the taxable estate. Unpaid gift taxes are no more than debts of the estate and under the facts before us would be chargeable to the residue of the estate by virtue of item two of the will. On the other hand, the estate taxes generated by property not part of the probate estate but included in the estate for tax purposes must be apportioned among the recipients of such property. *Pearcy v. Citizens Bank & Trust Co. of Bloomington* (1951), 121 Ind. App. 136, 96 N. E. 2d 918. When the recipient is the surviving spouse, as is the case here, then to the extent such property qualified for and was excluded from the taxable estate through the marital deduction, it is not subject to such taxes. In other words, appellant must bear that portion of the estate taxes created by the inclusion of the property passing outside the will to the extent that the property she received exceeded her marital deduction and was included in the taxable estate. *Seymour National Bank v. Heideman, supra.* This the trial court correctly ordered.

Item two of the will does not relieve appellant from the burden of paying the taxes generated by the property passing to her outside of the will. Item two directs that estate and inheritance taxes charged against the estate *"by reason of any legacy or devise herein given"* be borne by the residue of the estate. This condition is not met by property passing outside of the will.

The appellant cites *Easterday v. Easterday* (1937), 105 Ind. App. 80, 10 N. E. 2d 764; and *Whitman v. Whitman* (1908), 41 Ind. App. 99, 83 N. E. 520. In our opinion neither case is in point. The *Easterday* case involved the simple question of abatement of a legacy. The will in the *Whitman* case contained language that is clearly distinguishable from that involved in this case.

The trial court correctly recognized that property of the decedent which came to the widow outside the will, i.e., gifts in contemplation of death, insurance monies and property held jointly by the decedent and appellant with the right of survivorship, would be included in the estate for the purpose of determining estate and inheritance tax liability. Further, the trial court recognized that in such an event there would be an assessment of estate and inheritance tax liability which would *not* be attributable to:

(a) the death of the decedent; and

(b) a legacy or devise in the will.

Therefore, the trial court made an express finding as to how such estate and inheritance taxes should be treated. It said:

> "3. That under and by virtue of the Last Will and Testament of the Decedent herein, the widow, Helen Niblick Stoner, is chargeable with and her share of this Estate shall be reduced further by the amount of any Estate or Inheritance Taxes levied, assessed and owing by reason and on account of any property or assets passing to her by operation of law and/or gifts from the Decedent in contem-

plation of death and not passing to her by virtue of the Decedent's Last Will and Testament, to the extent of the amount of any such taxes computed upon the amount of such property when added to the amount of property passing to her by virtue of the Decedent's Last Will and Testament, or otherwise, exceeds the maximum allowable Marital Deduction and/or is included in the Net Taxable Estate for the computation of Estate or Inheritance Taxes due and owing from this Estate."

In so holding, the trial court properly applied the law of Indiana as set forth in *Pearcy v. Citizens Bank & Trust Co. of Bloomington, supra* and *Seymour National Bank v. Heideman, supra*.

The petition to transfer to this Court is granted and the judgment of the trial court is affirmed.

DeBruler, C. J., concurs; Jackson, Jr., concurs in result; Hunter, J., dissents; Givan, J., dissents with statement: "I agree with the opinion of the appellate court. I would, therefore, deny transfer."

## ON PETITION FOR REHEARING.

ARTERBURN, J.—The appellant has filed a petition for rehearing, contending that this Court erred in affirming the trial court's opinion. The only matter in the petition that needs discussion is the contention that we should consider the question of excessive fees and expenses charged by the executor, which was raised on appeal in the Appellate Court. We feel that this omission may be readily disposed of for the reason that on the petition to transfer on the merits, no question with reference to such fees was raised or briefed.

The sole question considered was the interpretation to be given the will. As to the interpretation given the will, the ruling of the Appellate Court was favorable to the appellant. As to the ruling on the executor's fees and accounting, the Appellate Court affirmed the trial court, which ruling was favorable to the appellees. The appellees filed a petition for

rehearing, while the appellants did not file a petition for rehearing as to that portion of the Appellate Court ruling adverse to them, to-wit: on the matter of executor's fees and expenses. Such failure to object and ask for a rehearing thereon is a waiver by the appellant of such adverse ruling of the Appellate Court. *Miller v. Ortman* (1956), 233 Ind. 150, 117 N. E. 2d 558.

In fact, the appellant, in her brief in opposition to the petition for rehearing in the Appellate court states: "We pray the petition be denied", thus accepting the opinion of the Appellate Court in toto and not raising any question as to the correctness of the Appellate Court's decision as it related to the fees of the executor. In denying the appellee's petition for a rehearing the Appellate Court did exactly what appellant had requested, to-wit: confirm in all particulars its decision, including that portion dealing with executor's fees.

Further, in opposing appellee's petition to transfer to this Court, which urged only that portion of the Appellate Court decision adverse to appellees, i.e., whether the widow's share was based upon the gross or the net estate, the appellants again requested that the Appellate Court opinion be affirmed in all respects. The appellant, making no real contention in our Court upon such matter and having waived the same in the Appellate Court on the petition for rehearing, we may rightfully assume that such issue was out of contention when it reached this Court.

The appellee has made a motion to dismiss the petition for rehearing on the ground that the appellant has violated rules of this Court with reference to requirements as to the petition for rehearing—in particular that the petition for rehearing violates Rules 2-22 and 2-23 by intermingling argumentative matters with the specified grounds for rehearing. However, in view of our previous statements, we do not give that matter further consideration.

672

The motion to dismiss the petition for rehearing is overruled, and the petition for rehearing is denied.

Hunter, J., dissents.

NOTE.—Reported in 251 N. E. 2d 668. Rehearing reported in 253 N. E. 2d 231.