

I N T H E

# Court of Appeals of Indiana



Casimir R. Starsiak, Jr.,
and Diane L. Hahn,

*Appellants-Plaintiffs,*

v.

Janette T. Starsiak,

*Appellee-Defendant.*

November 4, 2024

Court of Appeals Case No.
24A-PL-724

Appeal from the
Marion Circuit Court

The Honorable
Amber Collins-Gebrehiwet, Judge

Trial Court Cause No.
49C01-2310-PL-40136

**Shepard, Senior Judge.**

[1] Casimir R. Starsiak, Jr. (Casimir) and Diane L. Hahn (Diane) appeal from the trial court's order denying their motion to correct error. They asked the court for permission to amend their complaint to add a count seeking relief under the Declaratory Judgment Act and to amend their statutory claim to quiet title to include a common law claim to quiet title in personal property. Casimir and Diane now contend the trial court erred by denying their motion. Additionally, they challenge the merits of the court's underlying judgment, in which the court held there is no statutory right in Indiana to quiet title to personal property and that the probate court had already determined the ownership of the personal property.

[2] We do not question that Casimir and Diane hold a bona fide belief that they have a claim to the seemingly abandoned one-third share of their mother's estate. Based upon the record before us, however, they have no present claim to their sister's share and their request for relief is premature and based on speculation. Thus, for reasons we explain below, we affirm the trial court's decision.

## Facts and Procedural History

[3] Mildred Starsiak died intestate on February 9, 2010. Mildred had three surviving children, Casimir, Diane, and Janette Starsiak (Janette). Prior to Mildred's death, she held title to certain property. Casimir and Diane were appointed co-personal representatives of Mildred's estate. Casimir and Diane each claimed their one-third share of Mildred's estate as her surviving issue. *See* Ind. Code § 29-1-2-1(d)(1) (2009). Janette, however, did not claim her one-third share.

[4] On three separate occasions between May 2011 and November 2011, Casimir and Diane, as personal representatives of the estate, sent a check by certified mail to Janette in the amount of her share of the estate. Janette signed for all three certified letters but she did not negotiate the checks. Casimir and Diane's counsel sent a letter to Janette advising her that her share would be deposited with the clerk of the probate court if she did not claim it by September 12, 2011. Janette signed for the certified letter, but did not claim her share.

[5] Casimir and Diane filed a motion on December 9, 2011, to pay the proceeds of the unclaimed estate assets to the clerk of the court per Indiana Code section 29-1-17-12(b) (2008). In that motion, they conceded that this statute was inapplicable here inasmuch as it applies to situations involving the inability to locate an heir, distributee, or advisee. Here, Janette could be found but was not cooperating. And the estate had remained open solely because Janette's share had not been distributed. The probate court issued its order granting the

motion the same day. A subsequent motion led to a probate court order providing that the proceeds be placed in an interest-bearing account. Mildred's estate was closed on January 31, 2012.

[6] Janette's share of Mildred's estate remains in the account and as of October 16, 2017, had grown to $231,665.97.

[7] Eleven years later, on May 10, 2023, Casimir and Diane attempted to reopen Mildred's estate to address Janette's unclaimed share. They requested to be named co-personal representatives to equally distribute between them Janette's share held by the probate court clerk in the interest-bearing account. On May 12, 2023, the probate court issued an order declining to reopen the estate. Next, Casimir and Diane filed a motion to correct error from the probate court's order. The probate court denied the motion to correct error on September 8, 2023, concluding, "After a hearing, the Court finds that the estate was closed eleven years ago and the property was divided. The court does not find good cause to reopen the estate. The court does not find [Janette] to be an absentee individual.[1] The property will remain where it is until claimed by owner or her death." Appellants' App. Vol. II, p. 22. Casimir and Diane did not appeal the probate court's order.

---

[1] Pursuant to Indiana Evidence Rule 201(2)(c), we may judicially notice the existence of records of a court of this state. Casimir and Diane's motion to reopen Mildred's estate in Cause Number 49D08-1007-ES-31567, sought to have Janette declared an absentee person under Indiana Code section 29-2-5-1 (2003) (five years absence; presumption of death). In the motion, Casimir and Diane conceded that Janette was alive and they provided an address for her in Illinois.

On October 12, 2023, Casimir and Diane filed a "Complaint To Quiet Title" against Janette, any successors, assigns, and any other person claiming a right, title, or interest in the property in a different court. *Id.* at 6. Their attorney attached an affidavit as required by Indiana Code section 32-30-3-14(e) (2002), for quieting title in *real estate*. They obtained service of process on Janette, but she did not appear or file a responsive pleading. Casimir and Diane then filed an application for a default judgment and moved for a quiet title decree.

The Court held a hearing at which Janette did not appear. Casimir and Diane argued that they had a right to quiet title to the unclaimed assets in equity under common law. The trial court took the matter under advisement and requested the submission of additional authority. Casimir and Diane filed a report with the court, citing cases they believed supported their common law right to quiet title to the personal property, in addition to citing to Indiana's Declaratory Judgment Act, which they claimed afforded them similar relief.

On February 27, 2024, the court denied the motion to quiet title, concluding that: (1) quiet title actions are controlled by Indiana Code section 32-30-3, et seq.; (2) the quiet title statute applies to real property; (3) there is *no statute* permitting actions to quiet title in personal property; (4) the case cited by Casimir and Diane, *Citizens National Bank v. State*, 101 N.E. 620 (Ind. 1913), did not quiet title to personal property, but held that the relatrix was always the rightful owner of stock in question; (5) the probate court in 49D08-1007-ES-31567 already determined that Casimir and Diane are not the rightful owners of

the money; and (6) the quiet title statute would not be extended to personal property. Appellants' App. Vol. II, pp. 75-78 (emphasis added).

[11] Casimir and Diane filed a motion to correct error, requesting permission to amend their complaint to add a count for declaratory relief under the Declaratory Judgment Act, and tendered an amended complaint alleging the same. The trial court denied the motion, concluding that Casimir and Diane "have not provided the Court a valid reason to set aside the original judgment Denying the Motion to Quiet Title under Indiana Trial Rule 59 or 60. There is no newly discovered evidence. [Casimir and Diane] have not alleged a legal mistake. Thus, the Court denies [Casimir and Diane's'] Motion to Amend the original complaint, post judgment." *Id.* at 94.

## Discussion and Decision

[12] We observe at the outset that Janette has not filed a responsive brief. "Where an appellee fails to file a brief, we do not undertake to develop arguments on that party's behalf; rather, we may reverse upon a prima facie showing of reversible error by the appellant." *Ayers v. Stowers*, 200 N.E.3d 480, 483 (Ind Ct. App. 2022). "Prima facie error is error 'at first sight, on first appearance, or on the face of it.'" *Id.* (quoting *Front Row Motors, LLC v. Jones*, 5 N.E.3d 753, 758 (Ind. 2014)). "This 'prima facie error rule' relieves this Court from the burden of controverting arguments advanced for reversal, a duty which remains with the appellee." *Ayers*, 200 N.E.3d at 483.

# I. Propriety of Denial of Quiet Title to Personal Property

[13] Casimir and Diane argue that the trial court erred in denying their complaint because "the trial court erroneously concluded there is no common law right to quiet title to personal property in Indiana." Appellants' Br. p. 6. The court concluded as follows:

> 20. Thus, the Quiet Title statute in Indiana applies specifically to real property.
> 21. *There is no statute* in Indiana that permits actions to Quiet Title for personal property.

Appellants' App. Vol. II, p. 77. This is a correct statement of law. *See* I.C. 32-30-3-1. There is no statute providing for an action to quiet title to personal property.

[14] However, the substance of Casimir and Diane's challenge concerns the court's implicit conclusion that there is no equitable action to quiet title in Indiana. The court's order along those lines stated the following:

> 22. Plaintiffs cite *Citizens National Bank vs. State*[, 101 N.E. 620 (Ind. 1913)] to support their theory that quiet title actions can apply to personal property.
> 23. However, in *Citizens*, the action was never purposed to be brought under Indiana Code Section 32-30-3.
> 24. That case did not involve an action to quiet title to the stock, the Court in that case ruled that the relatrix was always the rightful owner of the stock.

Appellants' App. Vol, II, p. 77.

[15] Although the trial court correctly found that the action in *Citizens* (a 1913 decision) was not brought under the *quiet title statute* (which was not enacted until many decades later), the claim in *Citizens* was an equitable action to determine the ownership of shares of stock. In that case, the trial court had concluded that the relatrix was the owner of the stock in question and it granted the equitable remedy of mandate, commanding the bank to recognize her as the owner of the stock in question. 101 N.E. at 623. On appeal, the Supreme Court affirmed the trial court and, relying on cases from other jurisdictions, found that the complaint "stated a good cause of action." *Id.* at 626. And in *Whitman v. Whitman*, 83 N.E. 520, 521 (Ind. Ct. App. 1908), a "quiet title action" was brought to determine whether the wife's share under the will was calculated before or after the payment of debts. The court interpreted the language of the will and concluded that the wife's share was to be paid immediately and that the other legatees' shares would be reduced by the payment of their proportionate share of the debts. *Id.*

[16] Furthermore, Trial Rule 75(A)(2), addresses preferred venue in the county where the land is located or the chattels are regularly located or kept. "'Chattel' is defined as '[m]ovable or transferable property; *personal property*; esp[ecially], a physical object capable of manual delivery and not the subject matter of real property.'" *Belcher v. Kroczek*, 13 N.E.3d 448, 452 (Ind. Ct. App. 2014) (quoting *R & D Transp., Inc. v. A.H.*, 859 N.E.2d 332, 333 n.1 (Ind. 2006) (quoting BLACK'S LAW DICTIONARY 251 (8th ed. 2004)) (emphasis added). And in *ABN AMRO Mortg. Grp., Inc. v. Am. Residential Servs., LLC*, 845 N.E.2d 209, 215

(Ind. Ct. App. 2006), a case involving an action to quiet title in real estate, we observed that "longstanding common law predating the quiet title statute provides an independent equitable basis for quieting title." "The quiet title statute supplements, but does not replace, the common law basis for quieting title." *Id.*

[17] We conclude that a common law action to quiet title to personal property is a viable cause of action in Indiana and that the enactment of the statutory provision concerning quieting title to real estate did not eliminate such claims. Therefore, to the extent the trial court appears to have implicitly said otherwise, it erred.

[18] That said, we will affirm the trial court's judgment if there is any legal ground in the record supporting the judgment. *See In re B.J.N.*, 19 N.E.3d 765, 770 (Ind. Ct. App. 2014). And the trial court also concluded that "the probate Court in 49D08-1007-ES-031567 has already ruled that Plaintiffs are not the rightful and/or legal owners of the money at issue." Appellants' App. Vol. 2, p. 78. The court further said, "Thus, this Court declines to extend the reach of the quiet title statute to award Plaintiffs personal property, in this instance money, that a prior Court has already ruled Plaintiffs are not legally entitled to." *Id.*

[19] The trial court was alluding to claim preclusion. "[C]laim preclusion[]applies where a final judgment on the merits has been rendered and acts as a complete bar to a subsequent action on the same issue or claim between those parties and their privies." *Freels v. Koches*, 94 N.E.3d 339, 342 (Ind. Ct. App. 2018) (quoting

*Angelopoulos v. Angelopoulos*, 2 N.E.3d 688, 696 (Ind. Ct. App, 2013), *trans. denied*). "When claim preclusion applies, all matters that were or might have been litigated are deemed conclusively decided by the judgment in the prior action." *Id.* "The following four requirements must be satisfied for claim preclusion to apply as a bar to a subsequent action: (1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the former judgment must have been rendered on the merits; (3) the matter now in issue was, or could have been, determined in the prior action; and (4) the controversy adjudicated in the former action must have been between the parties to the present suit or their privies." *Id.*

[20] Casimir's, Diane's, and Janette's interests in Mildred's intestate estate were determined by statute. Each was entitled to a one-third share of Mildred's estate through intestate succession. Casimir and Diane fulfilled their fiduciary duties to Janette as personal representatives by requesting an order to have Janette's share placed in an interest-bearing account due to her failure to claim her share. Thus, ownership of Janette's share was rendered by a court of competent jurisdiction, the judgment determined ownership of Janette's share of the estate per the laws of intestate succession, and Casimir and Diane proposed that Janette's share be placed in an interest-bearing account in order to close Mildred's estate. Although Janette never appeared in this or the prior action, the division of Mildred's estate and the rights of her heirs were determined in the prior action.

Casimir and Diane's concerns about Janette's share escheating to the State should she continue to allow her share to be unclaimed are speculative and premature. There is no evidence in the record to indicate conclusively whether Janette has a spouse, has children, or has a will. And assuming she has none of those, she nonetheless has heirs. Under the laws of intestate succession, should Janette predecease Casimir and Diane, they are her heirs. And should either Casimir or Diane predecease Janette, their heirs would be Janette's heirs. This illustrates that Casimir and Diane do not have a present interest in Janette's share and that their arguments are speculative and premature.

Therefore, we conclude the trial court correctly denied Casimir and Diane's motion to quiet title in Janette's share of Mildred's estate.

## II. Motion To Correct Error

Casimir and Diane also appeal from the court's order denying their motion to correct error. "Generally, a trial court's ruling on a motion to correct error is reviewed for an abuse of discretion." *Poiry v. City of New Haven*, 113 N.E.3d 1236, 1239 (Ind. Ct. App. 2018). "An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted the law." *Id.* "However, where the issues raised in the motion are questions of law, the standard of review is de novo." *Id.*

Casimir and Diane's motion to correct error requested permission to amend their quiet title complaint to add a count seeking declaratory relief and to

amend the statutory quiet title count to include additional language seeking equitable relief under common law to quiet title to the personal property. Their motion acknowledged that the court's order denying their motion to quiet title under statutory law was a "final judgment" and explicitly stated that they filed "their Motion to Correct Error for the purpose of amending their Complaint[.]" Appellants' App. Vol. II, pp. 79, 80.

[25] After the court entered its judgment denying their complaint to quiet title under statutory law, Casimir and Diane cited Indiana Trial Rule 15(A), requesting that they be allowed to amend their complaint. Rule 15(A) provides as follows:

> **(A) Amendments.** A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted, and the action has not been placed upon the trial calendar, he may so amend it at any time within thirty [30] days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within twenty [20] days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

They also cited cases holding that trial courts have broad discretion in allowing parties to amend their pleadings, and contended that they have not demonstrated factors trial courts consider when determining whether to grant the request, such as undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the

opposing party, or futility of the amendment. *See In re Estate of Hurwich*, 103 N.E.3d 1135, 1139 (Ind. Ct. App. 2018) ("The probate court has broad discretion in granting or denying amendments to the pleadings[.]"); *Palacios v. Kline*, 566 N.E.2d 573, 575 (Ind. Ct. App. 1991) ("The substance of the abuse of discretion analysis concerning proposed amendments is an evaluation of a number of factors. These include undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiency by amendment previously allowed, undue prejudice to the opposing party by virtue of the amendment, and futility of the amendment.").

[26] In this situation, however, Casimir and Diane filed their motion to amend their pleading after final judgment was entered. We have held under principles of finality of judgments that "'a plaintiff may not seek to amend his complaint after judgment unless he first has that judgment vacated or set aside under either T.R. 59 or T.R. 60.'" *Leeper Elec. Servs., Inc. v. City of Carmel*, 847 N.E.2d 227, 231 (Ind. Ct. App. 2006) (quoting *Jackson v. Russell*, 491 N.E.2d 1017, 1020 (Ind. Ct. App. 1986)), *trans. denied*. In *Leeper*, we quoted the Seventh Circuit's view on that issue: "There isn't anything left to amend. The judgment was entered. You lost. So, if that was incorrect, then you have to change that, but there's nothing pending to amend." *Id.* (quoting *Johnson v. Levy Organization Dev. Co., Inc.*, 789 F.2d 601, 611 (7th Cir. 1986)).

[27] Here, Casimir and Diane filed their request to amend their pleadings in a motion to correct error which did not allege legal error on the trial court's part. However, such was necessary to attempt to vacate the judgment and allow for

an amendment to their complaint. Thus, because the judgment stands, there is nothing to amend.

[28] The trial court correctly denied the motion to correct error and stated that Casimir and Diane "have not provided the Court [with] a valid reason to set aside the original judgment Denying the Motion to Quiet Title under Indiana Trial Rule 59 or 60. There is no newly discovered evidence. Plaintiffs have not alleged a legal mistake." Appellants' App. Vol. II, p. 79. Consequently, we find no error here.

## Conclusion

[29] In light of the foregoing, we affirm the trial court's judgment. The issue of the legal ownership of Janette's share of Mildred's estate has already been determined by a court of competent jurisdiction. And the motion to correct error was correctly denied because it sought relief which was unavailable after final judgment and alleged no legal error.

[30] Affirmed.

May, J., and Crone, J., concur.

ATTORNEY FOR APPELLANT

J. Alex Bruggenschmidt
Buchanan & Bruggenschmidt, P.C.
Zionsville, Indiana